## First National Bank *v.* Goldsmith.

[No. 6,220. Filed November 26, 1907.]

1. Judgment.—*Res Judicata.*—*Sustaining Demurrer to Complaint.* —A final judgment, even upon sustaining a demurrer to the complaint, is *res judicata* as to all issues presented. p. 595.

2. Same.—*Res Judicata.*—*Complaint.*—*Omitted Facts.*—*Sustaining Demurrer.*—The sustaining of a demurrer to a complaint omitting facts essential to the cause of action, is not *res judicata* in a subsequent action where the complaint alleges all of the essential facts. p. 595.

3. Pleading.—*Complaint.*—*Suretyship and Guaranty.*—*Contracts.*— *Compliance with Terms.*—A complaint on a contract of suretyship must show that the plaintiff acted within the terms thereof. p. 595.

4. Same.—*Complaint.*—*Suretyship and Guaranty.*—A complaint showing that plaintiff advanced money to defendant's agents, with which they bought for spot cash and shipped to defendant a car load of lemons, and that defendant had contracted with plaintiff to repay to plaintiff money advanced by plaintiff to such agents for spot cash purchases of lemons in car lots, is sufficient. p. 596.

5. Words and Phrases.—*"Spot Cash."*—*Sales.*—A sale for "spot cash" imports that money for the purchase is paid immediately. p. 596.

6. Principal and Agent.—*Suretyship.*—*Authority.*—*Scope of.*— *Contracts.*—Where a principal contracted to repay to a bank all money advanced by it to the principal's agents for the purchase of lemons in car lots for spot cash, the fact that such agents had bills of lading executed in their own names as consignors and consignees can not justify the principal in refusing to repay the money advanced in accordance with the terms of such contract. p. 596.

7. Judgment.—*Res Judicata.*—*Complaints.*—*Contracts.*—*Assumpsit.*—A final judgment sustaining a demurrer to a complaint upon a special contract is not *res judicata* in a subsequent action for money had and received. p. 597.

From Sullivan Circuit Court; *Orion B. Harris,* Judge.

Action by the First National Bank of Redlands, California, against Charles H. Goldsmith. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Eugene C. Campbell, John T. & Will H. Hays, Alvin M. Higgins*, and *Alexander G. Cavins*, for appellant.

. *L. D. Leveque* and *Douthitt & Haddon*, for appellee.

COMSTOCK, C. J.—The amended complaint is in five paragraphs; the first and second being common counts for $970 each, the first for money loaned and advanced by appellant to appellee, July 30, 1901, alleging demand for repayment August 9, 1901, and the second for money laid out and expended for the use of the appellee on July 30, 1901, for which payment was demanded August 9, 1901. The third, fourth and fifth paragraphs each set out the facts leading up to the issuing of a draft upon which each is based. A demurrer for want of facts to each of the five paragraphs was overruled. The fourth paragraph embraces practically the averments of the third and fifth, and, after alleging the corporate character of plaintiff, that its business is banking, and that defendant is a fruit merchant, residing and doing business in Terre Haute, sets out, as a special promise by defendant to plaintiff, the written agreement (exhibit A) to pay, when presented, all drafts with bills of lading attached, drawn on the defendant by H. K. Pratt & Sons, for all cars of fruit defendant might authorize H. K. Pratt & Sons to purchase for spot cash for defendant's account, and to pay all such drafts covering such purchases without recourse or delay, and alleges that on July 22, 1901, defendant, by telegraph, authorized H. K. Pratt & Sons to purchase for him, for spot cash, a car-load of lemons; that, pursuant to such authority, H. K. Pratt & Sons did, on July 23, 1901, purchase for defendant, for $970.50 spot cash, a car-load of lemons, and on July 26, 1901, delivered it to the Southern California Railway Company, to be transported to defendant at Terre Haute, Indiana, and took from the railway company a bill of lading naming H. K. Pratt & Sons as both consignor and consignee, but containing directions to notify defendant of the arrival of the car; that H. K. Pratt

& Sons, acting under the special promise in writing, on July 29, 1901, indorsed the bill to defendant and drew in favor of plaintiff upon defendant for the $970.50, attached the indorsed bill to the draft, and on July 30, 1901, presented the draft with bill attached (exhibit B) to plaintiff for payment, and the plaintiff, relying on the special promise in writing, paid to H. K. Pratt & Sons said sum, which was the full amount of the draft, and with this cash H. K. Pratt & Sons paid spot cash for the lemons. Afterwards, on August 9, 1901, and after the arrival of the lemons, plaintiff, by course of banking, presented the draft and bill to defendant, and demanded payment, which was refused, and is still refused.

Defendant answered in three paragraphs, each addressed to each of plaintiff's five paragraphs of amended complaint. The first and second were withdrawn. The third paragraph of answer is a plea of *res adjudicata* by reason of a former action begun and determined in the Superior Court of Vigo County prior to the commencement of the present action. In this plea the various steps taken in the former action are specifically set forth, showing the filing of the complaint by appellant, demurrer to same by appellee, the sustaining thereof, filing of the amended complaint, demurrer thereto, overruling thereof, motion by appellee to require appellant to make the amended complaint more specific, the ruling of the court sustaining such motion, the filing by appellant of a second amended complaint, appellee's demurrer thereto for want of facts, the sustaining of the same, appellant's refusal to amend its complaint or plead further and election to abide by said demurrer, and the rendition of judgment that appellant take nothing, and that appellee recover his costs. The various complaints and amended complaints are set out in full. The following is a copy of exhibit A, filed with the third, fourth and fifth paragraphs of the present action and with the amended complaint in the former action:

"Terre Haute, Indiana, 12-28-1900.

First National Bank,

Redlands, California.

Gentlemen:

I guarantee to pay, when presented, all drafts, bills of lading attached, drawn on us by H. K. Pratt & Sons for all cars of fruit we may authorize them to purchase for spot cash for our account.

We authorize them to inspect, buy, and ship at our risk, all spot cash orders, and drafts covering such purchases will be paid without recourse or delay.

We well understand that any benefits derived from these terms come to us and our money pays for the same.

Yours truly,

Charles H. Goldsmith."

Where a matter in a judicial proceeding is finally determined by a competent tribunal it. is considered at rest.

When a demurrer is sustained to a complaint in a
1. former action alleging the same facts as are set out in a complaint in a subsequent action, a judgment therein is binding upon the parties the same as a judgment rendered upon issues joined and tried by the court or jury. *Nickless* v. *Pearson* (1891), 126 Ind. 477.

But a judgment for the defendant on a demurrer to the complaint by reason of the omission of an essential allegation will not bar a subsequent action upon a com-
2. plaint in which the omitted allegation is supplied.

*Terre Haute, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 438, 470, and cases cited.

It is agreed by both parties to this appeal that the amended complaint in the first action was insufficient for want of facts, and that the demurrer thereto was properly
3. sustained. This conclusion is reached, however, upon different grounds. Appellee insists that it was bad because it appeared that the goods were bought by H. K. Pratt & Sons on their own account, and were consigned by them to themselves and not to appellee; that the bill of lading was never delivered to appellee, and the goods never

became the property of the appellee, and for this reason the amended complaint in the former, as well as the complaint in this action, is bad. Appellant insists that said amended complaint was bad because it contained no averment to show that any spot cash purchase had been authorized or made; that the authority given H. K. Pratt & Sons authorized a draft on purchase for spot cash only. We are not advised upon what particular ground the demurrer was sustained by the trial court, but, in our opinion, the complaint in that cause was defective, in that it did not show that appellant acted within the scope of the written authority contained in exhibit A.

That defect is supplied in the complaint now under consideration. It was held by the trial court that in the present action facts are set out sufficient to bind the appellee and to constitute a cause of action against him. The holding is correct. In the former action it was alleged that appellee ordered H. K. Pratt & Sons to buy for him a car-load of lemons; in the present case it is alleged that the order was to buy for spot cash.

Appellee insists that this modification of the complaint is not material. A spot cash sale is for money immediately paid. It is alleged in the complaint that said agents of appellee could obtain for him lower prices upon purchases for spot cash, upon inspection, than if purchased with the privilege to appellee of personal inspection of the fruit upon its arrival in Terre Haute with payment therefor afterward.

Appellee's special promise in writing was for the purpose of securing the fruit at prices most favorable to him, and the additional averment in the complaint before us was material as showing that an important stipulation in exhibit A had been observed. It clearly appears that whatever H. K. Pratt & Sons did in the premises, they did as the agents of appellee, acting by his express authority. The bill of lading shows that appellee was to be

notified of the arrival of the goods at Terre Haute. It was indorsed by H. K. Pratt & Sons to be delivered to appellee on payment of draft attached. Exhibit A did not stipulate in whose name as consignee the bill was to be executed, but did provide that it should be attached to the draft. Appellant knew the authority by which the purchase had been made, that it was by the agents of appellee for appellee. The bill was in effect to the appellee, when the draft was drawn and the money paid upon conditions which literally complied with the terms of exhibit A. Appellee's agents were authorized to inspect, buy, and ship at the risk of appellee, all spot cash orders, and drafts covering such orders were to be paid without recourse or delay. Before honoring the draft, appellant's only duty was to see that H. K. Pratt & Sons were authorized to make the purchase for appellee, whether such purchase had been made of the character specified, and whether the goods were ready for forwarding. Of these facts appellant was informed. In behalf of appellee a number of cases are cited relating to bills of lading as evidence of title to property in consignors, consignees or transferees. The law as held in those cases is not questioned. They are not applicable to the question before us. This action is brought for money paid at the request and for the benefit and under the authority of the principal. Appellant was placed in a position to suffer pecuniary loss by appellee's directions to his agents and his written promise to appellant upon which the money was expended.

It is proper to add that the first and second paragraphs of complaint upon the common counts are not barred by the former action. They were not within the issues.

Judgment reversed, with instructions to sustain the appellant's demurrer to the third paragraph of appellee's answer.