## GOLDSMITH *v.* FIRST NATIONAL BANK OF REDLANDS.

[No. 7,330. Filed November 22, 1911. Rehearing denied March 27, 1912.]

1. APPEAL.—*Law of Case.—Pleading.*—Where the complaint in an action has been held sufficient by the Appellate Court on a former appeal that ruling whether right or wrong became the law of the case and will be applied throughout the entire proceedings. pp. 14, 15.

2. APPEAL.—*Law of Case.—Pleading.*—Where the question presented for decision on the former appeal of a cause did not require the Appellate Court to pass on the sufficiency of the complaint, then any thing which such court may have said in an attempt to decide such question will not have the effect of determining its sufficiency on a second appeal. p. 14.

3. PLEADING.—*Complaint.—Answer.—Demurrer.*—It is well settled that a demurrer searches the record and that a bad answer is sufficient for a bad complaint. p. 16.

4. APPEAL.—*Pleading.—Complaint.—Answer.*—It is necessary for the Appellate Court to determine the sufficiency of a complaint to withstand a demurrer for want of facts before the judgment appealed from can be set aside because of an insufficient answer. p. 16.

5. ELECTION OF REMEDIES.—*Acts Constituting Election.*—Where defendant's agents bought a car of lemons and shipped them to defendant, attaching draft to bill of lading, and delivered said bill of lading and the attached draft to the plaintiff, who, relying on a written guaranty of the defendant to pay all drafts drawn by said agents when presented, advanced the amount of said draft to said agents, and afterwards, on the refusal of defendant to accept the lemons and pay the draft, turned the draft and bill of lading back to said agents with directions to sell the lemons and apply the proceeds to the payment of the draft, such would not constitute an election of remedies and would not estop the plaintiff from afterwards collecting from the defendant the balance of the money advanced on said draft. p. 16.

6. APPEAL. — *Presumption. — Trial. — General Verdict.—Interrogatories.*—In an action to recover money advanced on a draft drawn on defendant by his agents for the price of a car of fruit purchased pursuant to a telegram from defendant reading "Buy car San Diego extra choice lemons, $2.18, of new crop," the said advancement of money having been made by plaintiff on the written guarantee of defendant to pay all drafts drawn on him by his agents for cars of fruit that they are authorized to purchase for

spot cash, evidence was admissible within the issues to show that the terms of said purchase were indicated by letters and telegrams other than that set out, and for the purpose of reconciling a general verdict for plaintiff with answers to interrogatories not showing the terms of the purchase to be for cash, it will be presumed that such evidence was introduced. p. 17.

7.  TRIAL.—*Instructions.—Withdrawal.—Sufficiency.*—An instruction that "the instructions heretofore given you in this cause are now withdrawn and the court gives to you the following instructions on which you are to decide this case," was a sufficient withdrawal of the instructions and no error can be predicated on any instruction so withdrawn. p. 18.

8.  TRIAL. — *Instructions.—Sufficiency.*—Instructions directing the jury to find for the plaintiff if certain facts enumerated therein are proved, but which fail to enumerate certain other facts proof of which was necessary to a recovery by plaintiff, are erroneous. p. 19.

9.  APPEAL. — *Harmless Error.—Instructions.—Verdict.—Interrogatories.*—Where from the answers to interrogatories it affirmatively appears that erroneous instructions did not influence the result, such errors will be treated as harmless. p. 20.

10.  GUARANTY.—*Drafts.—Guaranty of Payment.—Burden of Proof.*—Before a recovery can be had by plaintiff in an action for money advanced on an unaccepted draft pursuant to the drawee's guaranty of payment, it must establish the execution and delivery of such guaranty by a fair preponderance of the evidence. p. 21.

11.  APPEAL.—*Harmless Error.—Instructions.*—Where the delivery of the defendant's guaranty of payment of a draft is established by the undisputed evidence, or its delivery is admitted by him, the failure of the court to include the question of delivery of such guaranty as one of the facts to be established to entitle plaintiff to a verdict, in an action for money advanced on said draft, is not reversible error. pp. 21, 22.

12.  GUARANTY.—*Delivery of Instrument.—Possession.*—Possession of a written guaranty by the party in whose favor it is made is prima facie evidence of its delivery. p. 21.

13.  APPEAL.—*Harmless Error.—Correct Result.*—Where the result reached is clearly right under the evidence the judgment will not be reversed on account of an erroneous instruction. p. 22.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Action by the First National Bank of Redlands against Charles H. Goldsmith. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. T. Douthitt* and *L. D. Leveque,* for appellant.

*Alexander G. Cavins, Alvin M. Higgins, John T. Hays, Will H. Hays* and *Eugene C. Campbell,* for appellee.

LAIRY, C. J.—This action was brought to recover $970.50, paid by appellee to H. K. Pratt & Sons upon a draft drawn by them upon the appellant. Appellee was a corporation engaged in banking at Redlands, California, and appellant was a fruit merchant at Terre Haute, Indiana. H. K. Pratt & Sons were commission merchants at Redlands. On July 29, 1901, H. K. Pratt & Sons made a draft on appellant for the sum of $970.50, payable to appellee, and attached it to a bill of lading for a carload of lemons. Said bill of lading showed that H. K. Pratt & Sons were both consignors and consignees of said car, and it contained directions requiring that notice of the arrival of said car at Terre Haute be given to appellant. H. K. Pratt & Sons indorsed said bill of lading as follows: "Deliver this B. L. to C. H. Goldsmith on payment of draft attached, H. K. Pratt & Sons," and delivered said bill of lading and the attached draft to appellee at its place of business. Appellee then paid to H. K. Pratt & Sons the sum of $970.50. The authority under and by virtue of which appellee claims to have made such payment, and by virtue of which it seeks to hold appellant, is in writing as follows:

"Terre Haute, Indiana, 12-28-1900.

First National Bank,
    Redlands, California.

  Gentlemen: I guarantee to pay, when presented, all drafts, bills of lading attached, drawn on us by H. K. Pratt & Sons for cars of fruit we may authorize them to purchase for spot cash for our account. We authorize them to inspect, buy and ship at our risk, all spot cash orders, and drafts covering such purchases will be paid without recourse or delay. We well understand that any benefits derived from these terms comes to us and our money pays for the same.

Yours truly,
    Charles H. Goldsmith."

Appellant admits that he signed said writing, but denies under oath that he delivered it. When the car arrived at Terre Haute, appellant refused to accept it, and also refused to pay the draft. After some controversy, appellee authorized H. K. Pratt & Sons to ship the car to another place, and to sell the fruit, and, after paying expenses, to pay the proceeds of said sale to appellee.

The action was tried on the issues of fact formed by a complaint in five paragraphs, answer in five paragraphs, and reply in general denial. The first question presented for our decision arises on the action of the trial court in overruling a demurrer for want of facts 1. to each paragraph of the complaint. Appellee claims that the same complaint to which this demurrer is addressed has been held sufficient by this court in a former appeal (*First Nat. Bank* v. *Goldsmith* [1907], 40 Ind. App. 592). If this is true, such ruling, whether right or wrong, became the law of this case, and will be applied throughout the entire proceedings. *Linton Coal, etc., Co.* v. *Persons* (1896), 15 Ind. App. 69; *Lillie* v. *Trentman* (1891), 130 Ind. 16.

Appellant does not contend that the amended complaint, which is questioned by demurrer in this appeal, is different from the one to which the answer was addressed in 2. the former appeal; but his contention is, that its sufficiency was not directly called in question on the former appeal, and that it was not necessary for the court on such former appeal to consider or determine its sufficiency in order to decide the question directly presented. If the question directly presented for decision on the former appeal of this case, did not require the court to pass on the sufficiency of such amended complaint, then, anything which the court may have said in an attempt to decide such question would be *obiter dictum,* and would not have the effect to determine the question so as to make it the law of the case. *Davis* v. *Krug* (1884), 95 Ind. 1; *Union School Tp.* v. *First Nat. Bank, etc.* (1885), 102 Ind. 464.

However, if the question of the sufficiency of the complaint was actually determined, and, if such determination was necessary to a decision of any question directly presented for decision by such appeal, then the sufficiency of the complaint is settled as a part of the law of the case, and cannot again be questioned in any subsequent stage of the proceeding.

This court in its opinion on the former appeal used the following language: ''It was held by the trial court that in the present action facts are set out sufficient to bind the appellee and to constitute a cause of action against him. The holding is correct.'' It thus appears that the language of the opinion indicates that the amended complaint states facts sufficient to constitute a cause of action. If it was necessary to determine this question in order to decide the question directly presented to the court for decision in that appeal, then the sufficiency of the amended complaint has been settled as the law of the case. The former appeal was prosecuted by the plaintiff to reverse a judgment rendered against it in the trial court. The record on said appeal shows the filing of the amended complaint, and also the filing of the answer thereto, and that a demurrer to such answer had been overruled. The record also shows that the plaintiff refused to reply or plead further, and judgment was rendered against it. The only error assigned was that the trial court erred in overruling the demurrer to the third paragraph of answer, and we are now called on to decide whether, in the decision of the question thus presented, it was necessary for the court to determine the question of the sufficiency of the complaint to withstand a demurrer for want of facts.

The trial court had held that the paragraph of answer in question stated facts sufficient to constitute a defense to the cause of action stated in the complaint. This court on the former appeal reversed the judgment and held that said paragraph of answer did not state facts sufficient to

constitute a cause of defense.  It is well settled that the demurrer searches the record, and that a bad answer is sufficient for a bad complaint.  No answer, however defective, can be insufficient when addressed to an insufficient complaint.  The judgment appealed from in the first appeal could not have been reversed by this court, even though it found that the answer was insufficient, unless it also found that such answer was addressed to a paragraph of complaint sufficient to withstand a demurrer.  *Bowen* v. *Striker* (1885), 100 Ind. 45; *State, ex rel.,* v. *Emmons* (1882), 88 Ind. 279; *Vert* v. *Voss* (1881), 74 Ind. 565; *Board, etc.,* v. *Stock* (1894), 11 Ind. App. 167; *Alkire* v. *Alkire* (1893), 134 Ind. 350.

We therefore conclude that it was necessary for this court in the former appeal to determine the question of the sufficiency of the amended complaint to withstand a demurrer for want of facts, and that the decision of the court as to that question became the law of the case, and is controlling. We accordingly hold that the trial court committed no error in overruling the demurrers to the several paragraphs of complaint.

Appellant claims that in two particulars the answers to interrogatories are in irreconcilable conflict with the general verdict.  The first claim is that the interrogatories show that the act of appellee, authorizing Pratt & Sons to ship the fruit to another place and sell it, after appellant had refused to accept it and pay the draft, amounted to an election of remedies.  It is insisted, on behalf of appellant, that the relations existing between appellant and appellee were such as to give rise to two inconsistent remedies, and that by pursuing the one, appellant lost the other.  From a consideration of the answers to the interrogatories, the pleadings, and the general verdict in this case, we cannot say that appellee had two inconsistent remedies.  The evidence may have shown, and the jury may have correctly found, that the firm of Pratt & Sons was the

agent of appellant, and, as such agent, bought the carload of lemons for the price for which the draft was made, and shipped them to appellant. If the jury so found, then the title to such lemons passed to appellant at the time they were purchased, and the money advanced on the draft by appellee was received by appellant at the time it was received by his agents. The jury may have also found that the money was advanced by appellee solely on the faith of the written guaranty of appellant, and that the bill of lading was attached to the draft only for convenience of appellant and his agents. If, under such circumstances, the bank turned back the bill of lading to appellant's agents when appellant refused to accept the fruit, and if the agents of appellant sold the fruit and paid the proceeds of such sale, after deducting expenses, to appellee, this we think would not constitute an election of remedies, and would not estop appellee from afterward collecting from appellant the balance of the money which it had advanced to his agents.

It is further claimed by appellant that the answers to interrogatories affirmatively show that Pratt & Sons had no authority from appellant to purchase the carload of

6. lemons, except the authority contained in a telegram, and that such telegram did not authorize them to buy for spot cash. The telegram referred to was as follows: "Buy car San Diego extra choice lemons $2.18, of new crop." This telegram does not indicate the terms on which the firm of Pratt & Sons was to make the purchase. Evidence was admissible within the issues to show that the terms of the purchase were indicated by letters and telegrams other than that set out. For the purpose of reconciling the answers to interrogatories with the general verdict, we must presume that such evidence was introduced. There was no error in overruling appellant's motion for judgment on the answers to interrogatories.

Appellant complains of certain instructions given by the

trial court, which he insists are erroneous and prejudicial.
The first one complained of is designated as instruc-

7. tion seventeen, first series. It appears from the rec-
ord that the court gave to the jury a series of in-
structions, and that the jury retired to deliberate on its
verdict, and after about four hours' deliberation the jury
requested that the instructions be again read to it. The
judge directed that the jury be brought into court, and
when this was done, gave a series of instructions in writing,
designated in the briefs as the "second series." Before
reading the second series, the court instructed the jury that
all instructions previously given were withdrawn. The in-
struction was in writing, and is as follows: "The instruc-
tions heretofore given you in this cause are now withdrawn,
and the court gives to you the following instructions on
which you are to decide this case." It is insisted, on behalf
of appellant, that the language used by the court was not
sufficient to constitute a withdrawal of the instructions pre-
viously given, inasmuch as it did not admonish the jury to
disregard them in arriving at its verdict. Such a caution
would have been proper, but we think that the language
used was clearly sufficient to indicate to the jury that it
was to decide the case from a consideration of the instruc-
tions then given and that it should not consider those given
previously. No error can be predicated on any instruction
contained in the first series.

Objections are pointed out to a number of instructions
contained in the second series given by the court. We have
examined the charge as a whole, and, in the main, it may be
said that the jury was fully and fairly advised as to the law
applicable to the case. But some of the instructions contain
inaccuracies and misstatements of the law, and it remains
to be considered whether these were so material and preju-
dicial to appellant as to warrant a reversal of the case.

Appellant relies principally on errors assigned upon the
giving of the third and thirteenth instructions. Instruc-

tion three is as follows: "It is the theory of the
8.  plaintiff in this case that defendant Goldsmith exe-
cuted to it the written guaranty mentioned in these
instructions, and that the carload of lemons mentioned in
the complaint was purchased by said H. K. Pratt & Sons as
agents for Goldsmith, and that the plaintiff paid the draft
mentioned in the complaint, with the bill of lading for said
car attached. The burden is upon the plaintiff to show by a
preponderance of the evidence, (1) that said H. K. Pratt &
Sons were authorized by the defendant Goldsmith to make
the purchase for him; (2) that H. K. Pratt & Sons did
make the purchase for the defendant of the character speci-
fied in said written instrument just read to you as exhibit
"A"; (3) that the fruit was ready for forwarding; (4)
that the plaintiff paid the draft in suit under and relying
upon the bank guaranty; (5) that a demand was made
upon him for the payment of said draft, which was refused.
Should the plaintiff prove these material allegations, then it
would be your duty to find for the plaintiff, and it would
make no difference to you whether the fruit was rotten, or
whether it was new or old, or what not, nor the condition in
which it arrived at Terre Haute. Nor would it make any
difference as to whether or not an honest and fair inspection
was made by Pratt & Sons in California."

Instruction thirteen is as follows: "If there has been any
evidence introduced upon the theory that in the fruit busi-
ness in California there were different terms used, one called
the 'usual terms' and the other the 'spot cash' method of
buying fruit, and further disclosed that when it is bought to
be inspected at its destination it is called the 'usual terms'
and when it is bought on inspection at once in California to
be paid for immediately upon inspection and delivery, it is
called the 'spot cash terms,' and further discloses that there
is a difference in the price between the two methods, the spot
cash being the cheaper, then I instruct you that if the evi-
dence in this case discloses, by a preponderance thereof, that

the car of fruit in controversy was bought by Pratt & Sons as the agents of defendant on spot cash terms—that is payment on inspection and delivery at the place of purchase— and was paid for by the check of Pratt & Sons as the agents of defendant, and that thereupon said Pratt & Sons, as the agents of defendant, drew the draft in controversy upon Goldsmith with the bill of lading attached for the car of fruit so bought, and that the plaintiff advanced the money on the draft and the bill of lading under and pursuant to the written guaranty in these instructions mentioned, and that Pratt & Sons had authority to so buy the same, and a demand for payment of the draft was made by plaintiff on defendant and he refused, then I instruct you that defendant would be liable for the face of the draft with interest thereon from date of demand at the rate of six per cent. from demand.''

As the objections presented to these two instructions raise practically the same question, they will be considered together. Both of these instructions direct the jury to

9. find for the plaintiff if certain facts enumerated therein are proved, and both fail to enumerate certain facts, proof of which was necessary before plaintiff could be entitled to a verdict in his favor. These instructions were therefore clearly erroneous; but, when considered in connection with the answers to interrogatories and the evidence in the case we do not think that the error was such as requires a reversal. It is claimed by appellant, that in addition to the facts enumerated in the instructions under consideration, it was necessary, before a verdict could be rightly returned for the plaintiff, that the following facts be found: (1) That the draft referred to was drawn by Pratt & Sons; (2) that said draft was drawn for a carload of fruit purchased by Pratt & Sons for appellant; (3) that appellant ordered the fruit purchased for spot cash; (4) that the alleged bank guaranty was executed by delivery. The jury by answers to interrogatories found that the draft

was made by Pratt & Sons, and that it represented the cost of a carload of lemons, with a commission of five cents a box added; that Pratt & Sons bought said lemons for appellant, and appellant authorized them to buy such lemons for spot cash. As all of these facts were found by the jury adversely to appellant, it is very evident that the general verdict would not have been changed if these instructions had enumerated these facts, and required that they should be found as a prerequisite to a recovery. If the answers to interrogatories show affirmatively that an error complained of did not influence the result, such error will be treated as harmless. *Southern Ind. R. Co.* v. *Norman* (1905), 165 Ind. 126; *Terry* v. *Davenport* (1908), 170 Ind. 74; *Cleveland, etc., R. Co.* v. *Osgood* (1905), 36 Ind. App. 34; *Brinkman* v. *Pacholke* (1908), 41 Ind. App. 662.

The fourth objection presents a similar question. Under the issues, the burden was on plaintiff to prove the execution of the bank guaranty, and it could not recover unless the fact of delivery was established by a preponderance of the evidence. If the evidence on this question was conflicting, the jury should have been left to decide, and it was reversible error to instruct the jury that it might return a verdict in favor of appellee, without first deciding in its favor the question of delivery.

But if the delivery of the written guaranty was admitted by appellant, or if the delivery is established by the undisputed evidence, then a failure on the part of the court to submit such question to the jury, and require a finding thereon favorable to plaintiff as a condition prerequisite to a verdict in its favor, will not be treated as reversible error. *Tomlinson* v. *Briles* (1835), 101 Ind. 538.

To our mind the delivery to appellee of the written guaranty marked exhibit A is established by the undisputed evidence. The writing shows on its face that it was dated December 28, 1900. The cashier of the bank operated by appellee testified that said writing was

in the possession of said bank on the second or third day of January, 1901, and two members of the firm of Pratt & Sons testified that they saw it in the possession of the bank. Possession of the written instrument by the party in whose favor it is made is *prima facie* evidence of delivery. *Garrigus* v. *Home, etc., Soc.* (1891), 3 Ind. App. 91, 50 Am. St. 262; *Brooks* v. *Allen* (1878), 62 Ind. 401.

In addition to this, a paragraph of answer, at one time filed in this case by appellant and afterward withdrawn, was introduced in evidence, in which appellant expressly admitted the execution of said writing. Appellant did not go upon the witness stand to deny such delivery, and there is not a particle of evidence in the record which tends to prove that said guaranty was not delivered. The evidence on the question of delivery was all on one side. There was no conflicting evidence for the jury to consider or weigh, and only one conclusion could be directly drawn from the undisputed evidence. Under such circumstances, the failure of the instruction under consideration to include the question of delivery of the guaranty as one of the facts which plaintiff must establish in order to entitle him to a verdict, is not reversible error. Where the result reached is clearly right under the evidence, the judgment will not be reversed on account of an erroneous instruction. §700 Burns 1908, §658 R. S. 1881; *Pittsburgh, etc., R. Co.* v. *Higgs* (1906), 165 Ind. 694, 4 L. R. A. (N. S.) 1081; *Indianapolis St. R. Co.* v. *Schomberg* (1905), 164 Ind. 111.

What has been said in discussing the instructions we have considered, we think, disposes of the objections urged to the other instructions. Without giving to each a separate consideration, it is sufficient to say that the mistakes and inaccuracies complained of were not of such a character as would be likely to mislead the jury, and the result indicates that the jury was not misled thereby.

The evidence is amply sufficient to sustain the verdict. Judgment affirmed.

NOTE.—Reported in 96 N. E. 503. See, also, under (1) 3 Cyc. 401; (2) 3 Cyc. 400; (3) 31 Cyc. 128, 338; (4) 31 Cyc. 340; (5) 15 Cyc. 260; (6) 3 Cyc. 313; (7) 38 Cyc. 1787; (8) 38 Cyc. 1632; (9) 38 Cyc. 1815; (10) 20 Cyc. 1989; (11) 38 Cyc. 1640; (13) 3 Cyc. 385. As to contracts of guaranty, see 105 Am. St. 502. As to election of remedies, see 1 Am. St. 626; 10 Am. St. 487.