AT INDIANAPOLIS, MAY TERM, 1926, AND NOVEMBER TERM, 1926, IN THE ONE HUNDRED ELEVENTH AND ONE HUNDRED TWELFTH YEARS OF THE STATE.

---

## CINCINNATI, INDIANAPOLIS AND WESTERN RAILROAD COMPANY v. McGAUGHEY, ADMINISTRATRIX.

[No. 12,292. Filed May 14, 1925. Rehearing denied October 13, 1925. Transfer denied June 4, 1926.]

1. RAILROADS.—*Finding of negligence of defendant was warranted by the evidence.*—In an action against a railroad company for the death of a pedestrian at a railroad crossing, a finding that the defendant was negligent in running a train through a city at high speed without sounding the whistle or ringing the bell, and in failing to lower the crossing gates, was warranted. p. 3.

2. NEGLIGENCE.—*Contributory negligence ordinarily is a question for the jury.*—Ordinarily, it is the province of the jury to determine whether the plaintiff was guilty of contributory negligence, and, unless the facts are undisputed and such as to impel an inference of negligence in the minds of all reasonable persons, the question must be left to the jury. p. 3.

3. NEGLIGENCE.—*Contributory negligence of a pedestrian killed at a crossing where safety gates were operated was for the jury.*—In an action for the death of a pedestrian struck by the defendant's train at a street crossing, where safety gates, which had been installed and operated for two years, were not down, whether the plaintiff was guilty of contributory negligence was for the jury. p. 3.

4. APPEAL.—*Error in giving conflicting instructions not presented where conflicting instructions not set out in appellant's brief.*—No question is presented as to error in giving conflicting

2    APPELLATE COURT OF INDIANA,

Cincinnati, etc., R. Co. v. McGaughey, Admx.—85 Ind. App. 1.

instructions where the instructions with which a conflict is claimed were not set out in appellant's brief. p. 4.

5. APPEAL.—*Admission in evidence of certain ordinances not presented for review in the absence of objection or exception.*—Admission in evidence of certain ordinances, claimed to have been violated by the defendant, was not presented for review on appeal where appellant's brief does not show an objection and exception to their admission. p. 4.

From Hendricks Circuit Court; *Zimri E. Dougan,* Judge.

Action by Maude M. McGaughey, administratrix, against the Cincinnati, Indianapolis and Western Railroad Company and another. From a judgment for plaintiff against the named defendant, said defendant appeals. *Affirmed.* By the second division.

*Frank J. Goebel, Jacob S. White* and *Anthony P. Donadio,* for appellant.

*Beckett & Beckett,* for appellee.

NICHOLS, J.—This was an action by appellee against appellant and the Cleveland, Cincinnati, Chicago and St. Louis Railway Company for wrongfully causing the death of Charles McGaughey. Accompanied by one Charles Newman, he was walking in a southerly direction on Holmes avenue in the city of Indianapolis, and while in the act of crossing the railroad tracks of appellant which intersect said Holmes avenue at grade, after having traversed three tracks belonging to the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, he was struck by an east bound passenger train operated by appellant. He died a few hours later as the result of injuries sustained. Just before the trial was commenced, appellee dismissed the cause as against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company.

There was a trial by jury resulting in a verdict and judgment against appellant for $7,000. The error re-

lied upon for reversal is the court's action in overruling appellant's motion for a new trial.

. Appellant contends with much earnestness in the first place that appellant was not guilty of negligence, and secondly, if so, still appellee's decedent was guilty

1-3. of contributory negligence as a matter of law, and that, therefore, there can be no recovery. The evidence shows by divers witnesses that appellant was operating its train that struck appellee's decedent, through a populous part of the city of Indianapolis, over the crossing where the accident occurred, at a high and dangerous rate of speed, to wit: thirty-five miles per hour, without blowing the whistle or sounding the bell, and that it failed to lower the crossing gates installed for the protection of the public. Each of these acts of negligence was in violation of a city ordinance. Corroborative of the speed of the train, it appears by the evidence that the decedent was knocked forty-five or fifty feet by its force. We hold that there was ample evidence from which the jury might reasonably infer the negligence of appellant. But appellant argues that the decedent was guilty of contributory negligence as a matter of law. It is with much hesitation that the courts will declare that a given state of facts show contributory negligence as a matter of law. Ordinarily, it is the province of the jury to determine as to whether such facts show contributory negligence, and, unless they are undisputed and such as to impel an inference of negligence in the minds of all reasonable persons, the question must be left to the jury. We find no such state of facts here as would justify taking the case from the jury. The gates, which had been operated theretofore for two years or more, were up, thereby presenting a seeming assurance that the way was open and safe. But, passing the north gate, the decedent and his companion were compelled to hasten to avoid a freight train

in an opposite direction on one of the five tracks over the street. They were then between the passing freight train, with its necessary noise, and appellant's track on which its train was approaching at a high and unlawful rate of speed, without sound of bell or whistle, and with the south gate still up, thereby assuring them that no train was approaching on appellant's track from the opposite direction. These circumstances, attended, as we may well infer, with some confusion on the part of the decedent, presented a question of fact for the jury as to the decedent's negligence, rather than a question of law for the court. *Pennsylvania Co.* v. *Stegemeier, Admx.* (1889), 118 Ind. 305, 310, 20 N. E. 843, 10 Am. St. 136; *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 88 N. E. 612; *Lake Erie, etc., R. Co.* v. *McFarren* (1919), 188 Ind. 113, 118, 122 N. E. 322; *Indianapolis, etc., R. Co.* v. *Neubacher* (1896), 16 Ind. App. 21, 43 N. E. 576; *Smith* v. *Michigan Central R. Co.* (1905), 35 Ind. App. 188, 200, 73 N. E. 928.

The evidence is ample to sustain the verdict. We do not decide as to whether appellee's instructions Nos. 3 and 7, given by the court, were in direct conflict with appellant's instructions Nos. 34 and 36, given by the court, for the reason that said instructions Nos. 34 and 36 are not set out in appellant's brief. However, we have carefully examined the instructions, and we hold that the jury was fully instructed as to the law of the case, and that there was no error in refusing appellant's instructions tendered. Nothing can be gained by a more extended discussion of them.

Appellant attempts to present error of the court in permitting appellee to read in evidence the respective ordinances involved in this action, but we find no objection to the admission of such evi-

dence or exception thereto, in the statement of the record. Nothing, therefore, in this regard is presented.

There is no reversible error presented, and the judgment is therefore affirmed.