PENNSYLVANIA RAILROAD COMPANY *v.* STILABOWER.

[No. 16,582. Filed February 13, 1942.]

462

*Donald P. Shinn,* of Columbus, for appellant.

*James F. Miller* and *A. T. Conner,* both of Columbus, for appellee.

BEDWELL, P. J.—In this action the appellee, Emerson R. Stilabower, recovered a judgment in the amount of $2,000 against the appellant, The Pennsylvania Railroad Company, because of personal injuries to himself and property damage to his oil truck which resulted

from a collision between a locomotive of appellant and the truck of appellee while the same was being driven over a public street and railroad crossing in Edinburg, Johnson County, Indiana.

The complaint of appellee, which was in two paragraphs, alleged facts which showed, in substance, the following: That on April 24, 1936, the appellant operated its railroad line through the town of Edinburg, in Johnson County, Indiana, and across a public street thereof known as County Line street; that at and near such point of intersection the railroad runs north and south while the street extends east and west. That about fifty (50) feet east of the appellant's track was a street of such town running north and south and parallel with such track known as South Kyle street, which was a feeder street for County Line street; that traffic passed south over South Kyle street and then turned west at County Line street and crossed the track of appellant in order to go west out of Edinburg. That at the County Line street crossing the appellant on such date and for many years had maintained a signal light on each side of the track for the purpose of flashing a light as a warning of the approach of a locomotive toward such crossing from the north or from the south.

The complaint further alleged facts which showed that on such date the appellee, at about 12:15 p. m., was driving his truck south on South Kyle street toward the intersection with County Line street, and that when about ten (10) feet north of the north line of County Line street he slowed his truck to a speed of about five (5) miles per hour and looked first to the south and then to the north, down and up appellant's track for trains, but that he saw no train or locomotive approaching from the south or the north, and that

no train or locomotive was in sight at that time; that he then listened carefully and did not hear any train or locomotive whistle, bell or other warning, and did not hear any sounds usually accompanying the running and operation of a train or locomotive engine. That after looking and listening he placed the motor of his truck in intermediate gear, looked at the flasher signal and observed that the same was not operating any warning sign, and then in a careful and prudent manner drove his truck upon the County Line crossing. That on such date the appellant had carelessly and negligently maintained the surface of such crossing in a rough and uneven condition so that there were holes and pits, and the east rail of appellant's main line track extended above the surface of the crossing for a distance of about two (2) inches; that when the front part of the rear wheels of appellee's truck came in contact with such east rail, the motion of plaintiff's truck and the operation of its motor was stopped by the rail and by the rough and uneven condition of the crossing; that immediately thereafter the appellee set about to start the motor and drive the truck from the crossing and while so engaged he looked to the north and observed a locomotive engine of appellant being operated toward such crossing at a high and dangerous rate of speed of twenty-eight (28) miles per hour. That as such locomotive engine approached, the appellee attempted to get out of his motor truck cab but before he was able to do so, and while in the act of getting out, the locomotive struck the same with great force and violence injuring the appellee in described particulars and damaging the motor truck.

The complaint set forth six different charges or specifications of negligence which were as follows:

"(a) The defendant company, its servants, agents and employees were careless and negligent at said time in failing to give proper and timely warning of the approach of said locomotive engine in this, to-wit: Said servants, agents and employees negligently and carelessly failed to ring the bell, blow the whistle or to give any other warning and such servants, agents and employees wholly failed to give the warning required by statute.

"(b) The defendant company, its servants, agents and employees carelessly and negligently failed to keep said signal light in working order so that the same would flash a warning to travelers, including this plaintiff, of the approach of said locomotive engine toward said County Line street crossing.

"(c) The defendant company, its servants, agents and employees in charge of said engine were careless and negligent in failing to maintain and keep in repair the crossing at said County Line Street, in this, to-wit: That said defendant, its agents, servants and employees, carelessly and negligently maintained the surface of said crossing of said railroad and said County Line Street in a rough and uneven condition, in this: That at said time they had carelessly and negligently allowed the material composing the surface of said crossing to be dug out and to be unevenly distributed and that thereby holes and pits were left in said crossing and that at said time had carelessly and negligently allowed and permitted the East rail of said defendant's main line track to extend above the surface of said County Line Street a distance of about two (2) inches; so that the same were an obstacle to the movement of plaintiff's said truck over and across crossing.

"(d) The defendant company, its servants, agents and employees carelessly and negligently failed to keep any lookout and to look, see and observe what was on or at said County Line Street Crossing in front of said locomotive engine as the same approached said crossing and the place where said plaintiff was at said time situated, and that

by reason of said negligence and carelessness, such servants, agents and employees negligently and carelessly failed to see this plaintiff and that he was in a place of peril at said time.

"(e)   The defendant company, its servants, agents and employees were careless and negligent in operating said locomotive engine along and upon its main line track through a populous community at a high and dangerous rate of speed, to-wit: At the speed of 28 miles per hour.

"(f)   The defendant company, its servants, agents and employees were careless and negligent in operating a locomotive engine with defective equipment, in this, to-wit:   In operating a locomotive engine with five broken brake shoes upon and along the defendant company's main line track and over and across public streets and ways, particularly County Line Street in said Town of Edinburg, Indiana."

The complaint contained allegations showing that the negligent acts were the proximate cause of the appellee's injuries and damage.   Such injuries and damage were described in detail; and the second paragraph, by which appellee sought to recover for damages to his truck, negatived contributory negligence of appellee.

At the trial of the cause, the appellant submitted twenty (20) interrogatories which were answered by the jury; and the first error assigned by appellant is that the trial court erred in overruling its motion for judgment on the answers to such interrogatories.

Appellant contends that such answers were in irreconcilable conflict with the general verdict because they showed that the appellee was guilty of contributory negligence as a matter of law.   These answers showed the following facts:   That the distance from the west side of Kyle street where it intersects County Line street to the east rail of appellant's main track where it crossed County Line street was about fifty (50) feet; that at a point on County Line street forty-

four (44) feet east of the east rail of appellant's main track, a traveler could see an approaching train five hundred fifty (550) feet, and that at a point twenty-four (24) feet east of such east rail there was nothing to prevent a traveler from seeing an engine on the track eight hundred (800) feet north of the crossing in question. That the appellee looked to the north to see if any train was approaching before he was on the track, and that he was then twenty (20) feet from the east rail of the main track. That there was nothing mechanically wrong with the flasher signals at the crossing at the time of the accident; that these crossing signals were operated automatically. That the appellee crossed over the crossing on an average of three times daily and was familiar with the crossing and its surroundings. That appellee did not stop his truck from the time he turned off Kyle street until he pulled onto the track; that the appellee did not instantly look to the north after he got on the railroad track. That the appellee was driving his truck on County Line street from Kyle street to the railroad crossing at the rate of five (5) miles an hour and the testimony showed that the engine was traveling twenty (20) to twenty-five (25) miles per hour as it approached the crossing.

The general rules of law applicable and governing the circumstances and conditions under which judgment will be rendered upon the answers to interrogatories nothwithstanding the general verdict have been stated so often that it is hardly necessary to repeat them. Recently, in *Tucker Freight Lines, Inc.* v. *Gross* (1941), 109 Ind. App. 454, 33 N. E. (2d) 353, this court cited a number of cases sustaining the propositions that every reasonable presumption, inference and intendment must be indulged in favor of the general verdict, and that the conflict between the

answers to the interrogatories and the general verdict must be such that it could not be overcome by any evidence legitimately admissible under the pleadings. It is also well established that only the pleadings, general verdict, and interrogatories and answers will be considered in determining whether a judgment should have been entered on the answers to the interrogatories. *Standard Oil Co. of Indiana* v. *Thomas* (1938), 105 Ind. App. 610, 13 N. E. (2d) 336.

The answers herein fall far short of showing that appellee was guilty of negligence that proximately contributed to his personal injury or to damage to his truck. While they show that at particular points on County Line street a traveler approaching the crossing from the east could see a train or locomotive then approaching the crossing from the north, if and when the train was at certain distances north of the crossing, they do not show that the locomotive that struck appellee could have been seen by him at any time or place while he was approaching the crossing. These answers do show that when a traveler approaching the crossing from the east was at a distance of twenty-four (24) feet east of the east rail of the main track, he could see a locomotive or train that was as far as eight hundred (800) feet north of the crossing; but if the locomotive was approaching as slow as twenty (20) miles per hour, it would traverse this distance of eight hundred (800) feet in less than thirty (30) seconds, and none of the answers disclose how long the truck of appellee was stalled upon the crossing before it was struck by the locomotive. If it were so located more than thirty (30) seconds before being struck, then the locomotive approaching at twenty (20) miles per hour would not have been in sight as appellee approached the crossing.

In considering the answers to the interrogatories, we are required to assume that no signal or warning of any sort was given, for all intendments, inferences and reasonable presumptions are in favor of the general verdict. The fact that appellee did not look to the north instantly when he became stalled upon the crossing does not show that he was negligent. The locomotive might not have been in sight at that time. Evidence would be admissible under the issues disclosing conditions that would require him, in the exercise of ordinary care, to watch the highway or to look to the south, or to give his attention to his truck.

The trial court did not err in overruling appellant's motion for judgment on the answers to the interrogatories.

Appellant's next claimed error is the overruling of its motion for a new trial; and the first ground thereof relied on is that, the verdict was contrary to law because the evidence showed that the appellee was guilty of contributory negligence as a matter of law.

The testimony of appellee showed the following facts: That just prior to the collision he was traveling south on Kyle street, and near the point where Kyle street intersected with County Line street he looked north and south for a train and looked for lights and saw none; that he then shifted the gears of his truck into intermediate so he could go over the rough crossing; that when he got on the crossing, the truck was stalled by the rough crossing; and that while he was trying to start the motor of the truck, he heard a rumbling noise and attempted to get out of the truck, but he couldn't make it; that he had looked north and south when he was about thirty (30) feet from the crossing but saw no locomotive; and that he was driving about

five (5) miles per hour as he approached the crossing; that he never heard any whistle, bell, or warning of any kind as he approached the crossing, and the rumbling noise was the first thing that made him know there was a locomotive approaching. That he heard no warning signal of any kind while he was in the truck and on the crossing and that the flasher light was not then burning; that the engine was one hundred to one hundred fifty feet from the crossing when he first saw it, and at that time he was stalled on the crossing and was attempting to get the motor of his truck started.

Under such evidence it was for the jury to determine whether appellee was guilty of contributory negligence. Unless the facts are undisputed and are such as to impel an inference of negligence in the minds of all reasonable persons, the question of contributory negligence is for the jury. *Cincinnati, etc., R. Co.* v. *McGaughey, Admx.* (1926), 85 Ind. App. 1, 147 N. E. 727; *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 24 N. E. (2d) 284.

While the appellee was testifying as a witness at the trial, he was asked, on cross-examination, certain questions concerning the truck that he was driving; about the signs thereon and what part of the equipment was the property of the Standard Oil Company. The fact was developed that appellee was a bulk agent for the Standard Oil Company, and then the following questions were asked:

"Q. As such you conform to the rules and regulations of the Standard Oil Company?

"Q. You are familiar with the rules and regulations of the Standard Oil Company with respect to bulk dealers?"

The trial court sustained objection of appellee to each of these questions and appellant claims that this

amounted to reversible error. The questions were improper, first, because there was nothing in the direct-examination of appellee that authorized an inquiry concerning the rules and regulations of the Standard Oil Company or the compliance therewith by the appellee. But if the questions had not been objectionable because they were improper cross-examination, they would have been objectionable because the evidence which appellant was seeking to elicit thereby would not have been material or relevant to the issues involved. The fact, if it were a fact, that the Standard Oil Company as the employer of appellee prescribed certain rules or regulations to be followed by him in the operation of its trucks upon the public highways, would not have been material or relevant in this action which is grounded upon negligence and where the duties of both appellant and appellee are prescribed by law.

Appellant next attacks the action of the trial court in giving of its own motion Instruction No. 8. This instruction was as follows:

"The plaintiff in his complaint has alleged several acts of negligence on the part of the defendant which he alleges caused the injury and damages complained of in the complaint.

"It is not necessary that he prove all the acts of negligence stated in his complaint, but he must prove by a fair preponderance of the evidence at least one of such acts of negligence, and it must further appear that such act of negligence so proved was the proximate cause of the accident resulting in the alleged injury and damages to plaintiff."

Appellant's objection to such instruction is that some of the specifications of alleged negligence contained in appellee's complaint would not support a recovery in this cause. The specifications that it particularly points out are specifications "(b)" and

"(f)," which we have heretofore set forth. Appellant contends that each of these specifications are insufficient to support liability. Appellant points out no defects in the specifications or charges of negligence. As against a demurrer, it is sufficient in pleading negligence to allege that the defendant "negligently" did the act complained of, without stating the particulars of the negligence or the circumstances which made it negligent. *Pittsburgh, etc., R. Co.* v. *Arnott, Admx.* (1920), 189 Ind. 350, 363, 126 N. E. 13; *Cleveland, C., C. & St. L. Ry. Co.* v. *Gillespie* (1933), 96 Ind. App. 535, 540, 173 N. E. 708; *Swanson* v. *Slagal, Administratrix* (1937), 212 Ind. 394, 415, 8 N. E. (2d) 993.

The objection appellant really seeks to present is not an objection to the form or contents of the charges of negligence, but an objection to the sufficiency of the complaint to show duty. In other words, appellant says that the complaint did not allege facts showing that the appellant knew of the defective condition of the signal light or brake shoes, and that under such conditions the failure to repair was not negligence.

It is a familiar rule, where the relationship of master and servant exists, that before the master is liable for negligence in furnishing the servant with an unsafe place to work, or with defective and unsafe machinery and appliances with which to work, that the master must have knowledge, actual or constructive, of the unsafe condition or of the defect long enough before the accident to have repaired it in the exercise of ordinary care, or that the unsafe condition or the defect was the result of the negligent act of the master. *Cleveland, C., C. & St. L. Ry. Co.* v. *Sloan* (1894), 11 Ind. App. 401, 39 N. E. 174; *Toledo, etc., R. Co.* v. *Cowan* (1916), 61 Ind. App. 375, 112 N. E. 23;

*Lake Shore, etc., R. Co.* v. *Johnson* (1909), 172 Ind. 548, 88 N. E. 849.

In *Cleveland, C., C. & St. L. Ry. Co.* v. *Sloan, supra,* where a brakeman in the service of the railroad company was injured because of a defective and dangerous condition of the railroad right of way and its tracks, this court says at p. 403:

> "In order to state a good cause of action in this case, it is necessary to show by proper averments that the alleged defective and dangerous condition of the track at the place where the decedent was injured was the result of an act of negligence on the part of the appellant in constructing, changing, repairing or altering the track; or if appellant was not originally responsible for creating the alleged defective and dangerous condition, that the track afterwards became defective and unsafe, and that appellant knew of such defective and dangerous condition a sufficient length of time prior to the accident to have repaired the same in the exercise of reasonable diligence, or that it was defective and dangerous for such a length of time prior to the accident that appellant, in the exercise of reasonable care, should have discovered and repaired it."

So in an action based upon negligence, if the negligent act of the defendant has resulted in the production of the unsafe condition or defect in the machinery or appliances, and injury therefrom could reasonably be foreseen, there would be no reason why there should be an allegation of knowledge or notice before a duty would arise. The charge of negligence as to the signal light was that the appellant, "negligently failed to keep said signal light in working order so that the same would flash a warning to travelers." This is a charge of negligence in causing a defect—not a charge of negligence in failing to repair a defect. The charge as to the broken brake shoes on the locomotive was that the appellant was "negligent

in operating a locomotive engine with defective equipment." If it should be assumed that in order to state a good cause of action grounded on either charge of negligence, it would have been necessary for the complaint of appellee to contain allegations of facts showing knowledge, actual or constructive, by the appellant of the defective conditions, any defect in the complaint in this respect has been cured by the evidence introduced at the trial. Such evidence showed an inspection of locomotives after each trip or day's work, and regular inspection by a particular employee of the signal lights, and was such that the jury could infer that the appellant had actual or constructive knowledge of any existing defects.

Appellant filed no demurrer to the complaint and made no motion to make the same or any of the charges of negligence therein more specific. It made no objection to the introduction of evidence to sustain the charges or acts of negligence that it attacks. It tendered to the trial court its instruction No. 22, a part of which read as follows:

". . . So, in this case, the burden is upon the plaintiff to introduce evidence of some one or more charges of negligence in some one or more of the paragraphs of complaint, and likewise to introduce evidence of facts going to show that the negligence charged and relied upon was the direct and proximate cause of the plaintiff's injuries or damages. . . ."

There was evidence from which the jury might have reasonably determined that the signal light was out of repair previous to the accident, and that the appellant, in the exercise of ordinary care, should have known of such fact. But the jury by its answer to interrogatories showed that it was not basing its verdict for the appellee upon any defective condition

in the signal light. Under these circumstances and conditions, appellant is not in position to rightfully complain of the action of the trial court in giving instruction No. 8. *Lake Erie, etc., R. Co.* v. *Howarth* (1920), 73 Ind. App. 454, pts. 33, 34, 35, on pages 481, 482, 483, 484, 124 N. E. 687.

It is settled law that in a case where several acts of negligence are sufficiently alleged in the complaint, a recovery upon the trial will be justified if it be established that the injury complained of was a result of one or more of said acts. *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143, 149, 73 N. E. 91; *South Bend Brick Co.* v. *Goller* (1910), 46 Ind. App. 531, 533, 93 N. E. 37; *Lewis* v. *Pennsylvania R. Co.* (1932), 95 Ind. App. 19, 23, 165 N. E. 774.

It is error to instruct a jury that a plaintiff is entitled to recover if he has proven any one of several acts of negligence alleged in the complaint, when some of the acts alleged were insufficient to furnish a basis for a cause of action. *Old Folks, etc., Home* v. *Roberts* (1925), 83 Ind. App. 546, 550, 551, 149 N. E. 188. In the case just cited, two of the charges of negligence were insufficient to furnish a basis for a cause of action for the reason that such charges were based upon statutory provisions which had no application and were not for the protection or regulation of the plaintiff and the defendant in the particular case. The acts or charges of negligence in appellee's complaint were sufficient in form as charges of negligence. If the other allegations of the complaint were insufficient to show duty, any defect that may have existed in the complaint in this respect has been cured by proof. *Lake Erie, etc., R. Co.* v. *Howarth, supra.*

The trial court did not err in giving of its own motion instruction No. 8.

Appellant next attacks the giving, at the request of appellee, of appellee's tendered instruction No. 1. Such instruction was as follows:

"The plaintiff charges in the complaint that the signal light at County Line Street was not in operation and that the defendant was guilty of negligence in failing to maintain such light; I instruct if you find from a fair preponderance of the evidence that the said signal light was not maintained in working condition by the defendant and that the failure of the defendant to maintain such light was the proximate cause of the plaintiff's injuries you should find for the plaintiff, if you further find that the plaintiff has proven all the other material allegations of his complaint and that the evidence does not show that the plaintiff was himself guilty of negligence that proximately contributed to his injuries, you should find for the plaintiff."

It is not necessary to consider the legal correctness of this particular instruction. The jury by its answer to interrogatories showed that it was not basing its verdict upon any negligence of the appellant in failing to maintain the signal light in working condition. It found as a fact that there was not anything mechanically wrong with the flasher signals at the crossing where the accident occurred at the time of the accident. The evidence fully established that unless there was something mechanically wrong with the flasher light system it would work automatically when a train entered the circuit. Under such circumstances, if such instruction should be erroneous the giving thereof would be harmless. *The Cleveland, C., C. & I. R. Co.* v. *Newell* (1885), 104 Ind. 264, 273, 3 N. E. 836; *Goldsmith* v. *First National Bank* (1912), 50 Ind. App. 11, 20, 96 N. E. 503.

Appellant's last contention is that the trial court erred in refusing to give its tendered instructions Nos. 14 and 18.

Instruction No. 14 dealt with contributory negligence and thereby the appellant sought to call the attention of the jury to the fact that in considering whether the appellee conducted himself as a reasonably careful and prudent person under the circumstances that it, "should consider his familiarity with the crossing in question, the condition of the crossing as known to him, the obstruction or lack of obstructions to his view as he approached the crossing, the character of the merchandise he was transporting as to being combustible, or inflammable, and the probable consequences should same be struck by a locomotive, . . ."

The court gave a number of instructions defining "negligence" and "contributory negligence" in general terms. By instruction No. 12, given by the court of its own motion, it told the jury that in determining the question of negligence on the part of the defendant or contributory negligence on the part of the plaintiff, it should judge the acts of each under *all* of the conditions surrounding the accident as shown by the evidence. The evident purpose of this particular instruction was to emphasize the fact that the appellee's truck was transporting combustible or inflammable gasoline or oil at the time of the collision, and cause the jury to reason from that particular fact that the appellee was guilty of contributory negligence.

In instructing a jury concerning negligence or contributory negligence, the trial court should emphasize to the jury that it must consider all the facts, conditions and circumstances disclosed by the evidence in determining whether the plaintiff or the defendant exercised ordinary care. If the trial court

selects particular facts and particularly emphasizes the same to the jury for its consideration in determining negligence or contributory negligence, such instructions tend to mislead the jury and to cause it to give undue attention to the particular fact emphasized by the court in determining whether negligence or contributory negligence exists. It is apparent that there is hardly any limit to the number of instructions that could be given concerning negligence or contributory negligence, if the plaintiff and the defendant are each permitted to take some item or items of the evidence, or inferences that could be reasonably drawn therefrom, and instruct a jury that it should consider such specified evidentiary facts in determining whether the defendant was guilty of negligence or the plaintiff of contributory negligence. The result of such a practice and the giving of numerous instructions of this character is that the court's instructions tend to create confusion and uncertainty in the minds of the jurors.

When a court has once, in general terms, fully and correctly instructed a jury upon negligence and contributory negligence, it is not error for it to refuse to give instructions that seek to emphasize the effect of particular facts shown by the evidence as bearing thereon. *Baltimore, etc., R. Co.* v. *Morris* (1913), 54 Ind. App. 479, 103 N. E. 35; *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404; *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 83 N. E. 760.

Instruction No. 18 tendered by appellant was clearly improper. In part this instruction is in the following language:

". . . The law defines precisely what the term ordinary care under all the circumstances means in these cases. In attempting to cross, the traveler

must listen for signals, notice signs and signals put up as warnings and listen for approaching trains.

"In proportion as the danger increases must the vigilance of the person attempting to cross increase. He is rigidly required to do all that care and prudence would suggest to avoid injury. And when from physical infirmities, darkness, snow, fog, smoke, steam, the inclemency of the weather, noise of any kind, buildings, or other obstructions and hindrances, it is more difficult to see or hear, greater precautions must be taken to avoid injury than would otherwise be necessary; and under such circumstances there can be no excuse for a failure to use such reasonable precautions as would probably have prevented injury. If the traveler by looking could have seen approaching train or warnings thereof, or by listening could have heard it in time to have avoided injury, it will be presumed if he is injured by a collision that he did not look and listen, or if he did look and listen he did not heed what he saw or heard. . . ."

Appellant says that the instruction is almost identical with an instruction in *Morford* v. *Chicago, etc., R. Co.* (1902), 158 Ind. 494, 63 N. E. 857, and that the entire instruction correctly states the law. There was no evidence concerning any physical infirmities, darkness, snow, fog, smoke, steam, inclemency of the weather that made it more difficult to see or hear, and the instruction was not applicable to the evidence in this particular case. Further, the recent case of *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 550, 551, 24 N. E. (2d) 284, declares erroneous an instruction which requires the jury to presume, without evidence thereof, certain facts. In such case the Supreme Court says:

"Consequently, when courts have undertaken to instruct juries that this or that may be presumed, without evidence of the fact, they have invariably committed error. . . .

"While some facts may be made presumptive evidence by operation of law, neither courts nor juries have any right to presume any fact in issue which they are called upon to determine. The ultimate facts may, of course, be established by direct or circumstantial evidence, as well as by such inferences as may be legitimately drawn therefrom."

Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 39 N. E. (2d) 465.