## BROOKS ET AL. *v.* ALLEN.

| 62 | 401 |
| 131 | 224 |

| 62 | 401 |
| e167 | 592 |
| 167 | 593 |

PROCESS.—*Summons.—Service.—Sheriff's Return.—Jurisdiction of Person.— Judgment.*—Where a summons is blank as to the name of the defendant in an action, and the sheriff's return names no one upon whom service was had, such service is a nullity, the court has no jurisdiction of the defendant, and a judgment rendered against him by default is void.

PROMISSORY NOTE.—*Principal and Surety.—Extension of Time.—Pleading.*— In an action on a promissory note, against a principal and surety, an answer by the latter, alleging that the plaintiff had extended the time of payment without his consent, but failing to allege when such agreement was made, or that it was made for a definite time or upon a consideration, is insufficient.

PRACTICE.—*Exception.—Evidence.*—Where no exception is taken to the admission of incompetent evidence, error can not be assigned in relation thereto.

SAME.—*Instruction to Jury.*—Where an instruction given embraces the substance of one refused, the refusal is harmless.

PROMISSORY NOTE.—*Alteration.—Spoliation.*—The alteration of a promissory note by a stranger is mere spoliation, and releases no party thereto.

SAME.—*Spoliation by Agent.*—The alteration of a promissory note by one to whom it is delivered as the agent of the payee is a mere spoliation, unless it be made by the authority or with the consent of the principal.

SAME.—*Instruction.—Spoliation by One who Subsequently Becomes the Owner.* —Where alteration is relied upon as a defence, the defendant can not complain of an instruction, that, to constitute a defence, the alleged alteration must have been made by the authority or with the consent of a holder, but that, if it had been made by the plaintiff previous to his becoming the owner thereof, it is void as to him.

SAME.—*Non Est Factum.—Burden of Proof.—Evidence.*—Where *non est factum* is pleaded under oath, the burden of proof of the execution of the instrument in suit is upon the plaintiff; but proof that the defendant had signed the same, and the fact that it is in the possession of the plaintiff, are *prima facie* evidence of its execution.

SAME.—*Alteration as to Interest.*—Where a promissory note provides for the payment of interest " after maturity," it is an alteration to strike out the words " after maturity."

INSTRUCTIONS TO JURY.—*How Construed.*—Where a series of instructions, construed together, lay down proper rules of law, and do not mislead the jury, the fact that one of them, standing alone, might be objectionable, is not available as error.

From the Wayne Circuit Court.

*T. J. Study* and *C. H. Burchenal,* for appellants.

*H. C. Fox,* for appellee.

PERKINS, J.—Suit by John Allen, equitable assignee, against the makers and the payee, the equitable assignor, of a promissory note in terms following:

"$450.                         December 25th, 1868.

"Twelve months after date we promise to pay to the order of Jacob Allen four hundred and fifty dollars, without any relief from valuation and appraisement laws of the State of Indiana, with interest at ten per cent.

"JESSE SIKES,

"J. W. BROOKS."

The suit was commenced in March, for the April term, 1874.

Jacob Allen was made a party simply that he might answer as to his interest. He appeared, Sikes made default, and Brooks answered on the 28th day of April, 1874.

The answer of Brooks was in three paragraphs:

1. *Non est factum,* in the usual form, simply denying that he executed the note;

2. Payment of the note by Sikes;

3. That he was surety only upon the note, and that the time of payment was extended without his consent.

The plaintiff replied in denial of the second paragraph of answer, and demurred to the third for want of facts, which demurrer was sustained, and exception entered.

Trial by jury; verdict for plaintiff; and judgment, over a motion for a new trial, on the verdict. The judgment was against Sikes and Brooks. Sikes and Brooks appealed.

Brooks assigns for errors:

1st. That the court erred in sustaining the demurrer to the third paragraph of his answer;

2d. That the court erred in overruling his motion for a new trial;

3d. That the complaint does not state a cause of action.

Sikes assigns for errors:

1st. That the complaint does not contain a cause of action;

2d. That the court erred in entering a default against him, he not having appeared or been served with process.

We will first notice the alleged errors assigned by Sikes:

1st. The complaint was sufficient.

2d. The court found that said Sikes had been duly served with process. But the evidence on which the court found this fact was the return of service upon a writ issued in blank, as to names of defendants, and returned by the sheriff served upon ——, naming no person. Such return was a nullity, and gave the court no jurisdiction of the defendant Sikes. He did not appear and submit to the jurisdiction of the court. The judgment was void as to him. *Cochnower* v. *Cochnower*, 27 Ind. 253; *Abdil* v. *Abdil*, 26 Ind. 287; *Kyle* v. *Kyle*, 55 Ind. 387.

We proceed to consider the errors assigned by Brooks:

1st. Sustaining the demurrer to the third paragraph of his answer. There was no error in this. The answer did not show whether the agreement to extend the time was made before or after the note became due. The agreement was for no definite time, for no increased rate of interest, and nothing was paid upon it. The hands of the plaintiff were not tied up for a moment. The cases are numerous. They are cited in *Nelson* v. *White*, 61 Ind. 139, and *Bucklen* v. *Huff*, 53 Ind. 474.

2d. Overruling the motion for a new trial.

The grounds of the motion were:

1. Verdict contrary to law and evidence;

2. Error of law occurring at the trial, in admitting the

note sued on in evidence, and in giving certain speci-
fied, and in refusing certain specified, instructions.

We cannot say that the verdict was contrary to law or
to the evidence.

The note was properly admitted in evidence. *Prima*
*facie*, its execution was proved, and its admission does not
appear to have been objected to.

As to the instructions refused and given, the defendant
Brooks asked the court to give the following instructions,.
which it refused:

"1st. If the note in suit, at the time it was signed by
Jesse W. Brooks, contained the words, ' with interest at:
ten per centum after maturity,' and if, after it was signed
by Brooks, it was delivered by Sikes, the other maker, to
John Allen, to be delivered to Jacob Allen, according to
an agreement between Sikes and Jacob Allen to that:
effect, and if after such delivery said note was, by the said
John Allen or Jacob Allen, altered by striking out the
said words, ' with ten per cent. interest after maturity,' and
inserting the words, ' with interest at ten per cent.,' and
if such alteration was made without the knowledge and
consent of Jesse W. Brooks, then you should find in favor
of the said defendant Jesse W. Brooks.

" 2d. If the note, after it was signed by Jesse W. Brooks,.
was altered by the said Jacob Allen or his agent, by strik-
ing out the words, ' with ten per cent. interest after date,'
and inserting the words, ' with interest at ten per cent.,'
and if such alteration was made without the knowledge
or consent of the said Jesse W. Brooks, then the note in
suit is not the note of the said Jesse W. Brooks, and your
finding should be in his favor.

" 3d. The striking out of a note the words, ' with inter-
est at ten per cent. after maturity,' and inserting the words,.
' with interest at ten per cent.,' is a material alteration of
the note."

And the court, at the proper time, of its own motion, gave to the jury the following instructions, to wit:

" 3d. The general denial under oath being in, it makes it necessary to prove that the note described in the complaint was executed by defendant Brooks.

"4th. Proof that Brooks signed his name to the note described, together with the possession of the note by plaintiff, is sufficient proof of the execution of the note by Brooks, and the introduction of the note in evidence will warrant the jury in finding a verdict in favor of plaintiff, for the principal and interest of the note, unless this evidence is contradicted, or there is some evidence of payment made.

" 5th. It is claimed by Brooks, that, after he signed a note similar in all respects to the one sued on, excepting that the written words, 'with interest at ten per cent.,' were not then in the note, but that the printed words, ' with interest at ten per cent. per annum after maturity,' were in the note, and that since he signed the note, without his knowledge or consent, the said printed words were stricken out, and the said written words inserted.

" 6th. If such an alteration of the note was made by any holder of the note, or made with the knowledge of any holder of the note, without the knowledge of Brooks, it would be a material alteration, and would release him from all liability on the note, and if the defendant Brooks proves this by a fair preponderance of the evidence, the verdict must be in his favor, and it would make no difference whether John Allen, the plaintiff, was or was not the owner of the note at the time of the alteration, if he made the alteration after Brooks signed it.

" 7th. Any payments that have been proved to have been made should be deducted from the amount of the note."

It may not be out of place here to copy the answers of

the jury to interrogatories. They tend to show the real merits of the defence in this case. They were as follows:

" Interrogatory 1. Was not the note in suit altered, after it was signed by Jesse W. Brooks, by striking out the printed words, ' with interest at ten per cent. per annum. after maturity,' and inserting in writing the words, ' with interest at ten per cent.'

" Answer. No.

" Interrogatory 2. By whom was the said alteration made?

" Answer. By John Allen, before the note was signed.

" Interrogatory 3. Was the said alteration made with the knowledge and consent of Jesse W. Brooks?

" Answer. Yes.

" We, the jury, find a verdict for the plaintiff, and assess his damages at five hundred and eighty-five dollars."

No available error was committed by the court in refusing the instructions asked by Brooks. It is settled law that the alteration of a note by a stranger is spoliation, not an alteration which releases parties to it. *The State* v. *Berg,* 50 Ind. 496. And an agent of a party may not necessarily have the power to alter a note. If he do not, the alteration made by him may be spoliation. In *Van Brunt* v. *Eoff,* 35 Barb. 501, the court say:

" The alteration of the date of the note, made by the agent of the maker under the supposition that he had authority to make such an alteration, did not render the note void. If there was no authority to make such an alteration, the note would still be a subsisting obligation, as it was before it was altered." See *Coburn* v. *Webb,* 56 Ind. 96; *Emmons* v. *Meeker,* 55 Ind. 321.

The sixth instruction given embraces, substantially, the first one refused. It is insisted that this sixth instruction is contradictory and tended to confuse the jury. It is said that the jury were told, in effect, in the forepart of the in-

struction, that the alteration must have been made by a holder of the note, and in the latter part, that if John Allen, the plaintiff, made the alteration, it would be immaterial whether he was a holder at the time he made it or not.

The instruction could not have misled the jury. It told the jury, that, as a general rule, the alteration of a note, to vitiate it, must be made by a holder, or with his knowledge, but in the case of John Allen, the present plaintiff, if he made the alteration when not a holder, and afterward became the holder, the note would be void in his hands. The defendant can not complain of this instruction.

The third instruction refused was embraced in those given.

The fourth instruction given is objected to.

Were this instruction not to be considered in connection with the others given, there might be some force in the objections made, but it seems to us that the instructions considered together fairly presented the case to the jury. The court told the jury, in the third instruction, that the burden of proof was upon the plaintiff. In the fourth the jury were told what would, under the *non est factum* issue in this case, make out a *prima facie* case for the plaintiff. The instruction accords with the law as laid down in *The State, ex rel.,* etc., v. *Blair,* 32 Ind. 313.

The complaint was not demurred to, and it was surely good after verdict.

The judgment is affirmed, with costs and five per cent. damages, against Brooks, and reversed, with costs, as to Sikes; all of which is to be certified.