Filed September 25, 1895.

---

No. 1,660.

### SPURGEON *v.* SWAIN.

BILL OF EXCHANGE.—*Oral Acceptance.—Debtor and Creditor.— Sufficiency of Complaint to Enforce Payment.*—Where a creditor draws a bill of exchange on his debtor for balance due him, payable to a third party, and the drawee makes an oral acceptance of the same, a complaint to enforce payment by the drawee, which alleges, among other things, the acceptance, and that the bill is due and unpaid, is sufficient without alleging that the drawee, at the time of his acceptance, had funds of the drawer in his hands with which to meet the bill.

SAME.—*Oral Acceptance.—Statute of Frauds.—Debtor and Creditor.* —Consideration being presumed, oral acceptance by the drawee was a promise to pay his own debt owing to the drawer, and did not come within the statute of frauds.

From the Delaware Circuit Court.

*A. M. Wagner* and *J. Bingham*, for appellant.

*R. Warner* and *A. W. Brady*, for appellee.

DAVIS, J.—The writing on which this action is based is in the words and figures following, to-wit:

"MUNCIE, IND., July 7, 1893.

"Mr. William A. Spurgeon:

"Pay to E. L. Swain or order seventy-five dollars, as balance due on painting of your house, and charge to account of

"$75.00.                           J. B. MILLER."

It is conceded that this is a bill of exchange. The definition of a bill of exchange by Chancellor Kent is "a written order or request by one person to another for the payment of money at a specified time absolutely and at all events." See 3 Kent's Com. 74 (side paging).

It is alleged in the complaint that appellant accepted said bill, and that the same is due and unpaid, but it does not aver that appellant had, at the time of his acceptance, funds of the drawer in his hands wherewith to meet the bill.

Is the complaint sufficient to withstand a demurrer for want of facts?

Counsel for appellant insist that an oral acceptance is within the statute of frauds unless it appear that there was a consideration for the acceptance; that where no consideration is shown the oral acceptance is the promise to pay the debt of another. It is, and long has been, the law that a consideration is presumed in the case of bills of exchange and promissory notes, and in complaints thereon it is not necessary to aver the consideration. *Fisher* v. *Fisher*, 113 Ind. 474; *Hinkley* v. *Fourth National Bank, etc.*, 77 Ind. 475.

The consideration being presumed, the oral acceptance by appellant was a promise to pay his own debt to Miller, and not the debt of Miller to appellee. *Louisville, etc., R. W. Co.* v. *Caldwell*, 98 Ind. 245.

In our opinion the court did not err in overruling the demurrer to the complaint. In view of the fact that the jury found in answer to an interrogatory that appellant was indebted to said Miller at the time he accepted the bill of exchange, there was no available error on account of the giving of the fifth instruction.

In the light of the fact that the jury expressly found that appellant's acceptance was unconditional, there

was no harmful error against appellant in the seventh instruction.

We find no reversible error in the record.

Judgment affirmed.

Filed September 24, 1895.