Filed December 10, 1895.

No. 1,616.

## DEERING AND COMPANY v. ARMSTRONG, ADMR.

CONTRACT.—*Sub-purchaser, Promise to pay Notes of His Vendor.— Statute of Frauds.*—An agreement by a sub-purchaser of a machine to pay as the consideration certain notes executed by his vendor, the original purchaser, to the original vendor, as part of the purchase-price thereof, is not within the statute of frauds, as it is only a promise to pay his own debt.

From the Boone Circuit Court.

*R. W. Harrison* and *H. C. Wills*, for appellant.

DAVIS, J.—The court below sustained a demurrer to the complaint filed by appellant against the estate of George Armstrong, deceased. It was averred in the complaint in substance that one Norwood purchased of appellant a reaping machine and executed four promissory notes therefor; that he paid two of the notes and then sold the machine to said George Armstrong in consideration of an agreement by him to pay the two notes executed by Norwood to appellant then remaining unpaid; that said Armstrong took and kept the machine and afterwards died without having paid the notes, and that said notes are due and unpaid.

We are informed that the court below sustained the demurrer on the ground that the promise was to pay the debt of another and therefore in violation of the statute of frauds. Counsel for appellee have not filed any brief. George Armstrong, who assumed and agreed to pay the debt of Norwood to appellant, as the consideration for the machine purchased by him of Norwood, did no more than promise to pay his own debt. Such promise is therefore not within the statute of frauds, and the appellant is entitled to recover on the facts alleged in the complaint. *Bateman* v. *Butler*, 124 Ind. 223; *Haggerty* v. *Johnston*, 48 Ind. 41; *Judson* v. *Romaine*, 8 Ind. App. 390; *Spurgeon* v. *Swain*, 13 Ind. App. 188.

Judgment reversed, with instructions to overrule demurrer to complaint.

Filed December 10, 1895.