(112 App. Div. 74)

### ZIRINSKY v. POST et al.

(Supreme Court, Appellate Division, Second Department. March 22, 1906.)

1. APPEAL—SCOPE OF REVIEW—DIRECTION OF VERDICT—MOTION BY BOTH PARTIES.

 Where at the close of the evidence both parties move for the direction of a verdict, this gives the court authority to determine the facts, and its determination has the same effect as the verdict of a jury.

 [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 3474, 3475, 4024; vol. 46, Cent. Dig. Trial, § 400.]

2. SAME—PRESUMPTIONS—FACTS.

 Where at the close of the evidence both parties moved for a directed verdict, the facts most favorable to the plaintiff must be deemed to have been found where there is any conflict in the evidence.

3. VENDOR AND PURCHASER—CONTRACT—DEFAULT IN PERFORMANCE.

 Where a contract for the sale of land provided that the deed should be delivered and the price paid at a certain place at 12 o'clock noon of a certain day, at which time the purchaser appeared ready and willing to perform, and left after having waited an hour for the vendors, the purchaser was entitled to recover a portion of the price which he had paid upon the execution of the contract, although the vendors were ready to perform at a later hour on the day set for performance.

Appeal from Trial Term.

Action by Jacob Zirinsky against Abram S. Post and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

George Murray Brooks, for appellants.

Harry Zirn, for respondent.

WOODWARD, J.   At the close of the evidence both parties asked the court for the direction of a verdict, thus giving authority for the determination of any facts to the court, and the verdict is to have the same effect as though found by a jury.   The facts most favorable to the plaintiff must be deemed to have been found where there is any conflict in the evidence, and these facts are that the plaintiff entered into a contract with the defendants, as executors of the will of the late William Post, for the purchase of three lots of land with the buildings thereon in the borough of Brooklyn.   The purchase price was to be $25,400, $500 on signing the contract, $3,900 in cash on the delivery of the deed, and $21,000 by executing and delivering three purchase money bonds and mortgages for $7,000 each.   The deed of the premises, it was agreed, should be delivered at the office of George Murray Brooks, No. 43 Wall street, New York, on the 7th day of January, 1904, at 12 o'clock noon, upon receipt of said payments.   The plaintiff was present at the appointed hour, ready, willing, and able to perform his contract, and offered to do so, making a tender of his money to the persons in charge of the office, and demanding the deed, which was refused.   He waited at the office a reasonable length of time, and, the defendants or their attorney not appearing, plaintiff left the office, and subsequently invested his money in another piece of property.   He brings this action to recover the $500 deposited upon signing the contract, and the defendants, without ever having tendered the deed, without asking for specific performance of the contract, insist that the judgment in favor of the plaintiff should be reversed, because it is alleged that the defendants were ready to deliver the deed at an hour subsequent to the time agreed upon within the same day, and after the plaintiff had left the office.

If the defendants presented any equities, it might be that the court would be disposed to disregard the exact time, and to hold that a substantial compliance was all that was necessary, but in the case at bar it is conceded that the defendants subsequently sold the property at an advance in price, and their effort to keep the $500 paid by the plaintiff, where they are alone in default, hardly calls for any effort on the part of this court to interfere with the judgment, and we find no case which would warrant such interference.   The action is at law.   The equities, if there are any involved, are all with the plaintiff, and the defendants having stipulated to close the transaction at a particular time, and the plaintiff having appeared prepared to perform his part of the contract, and having waited at the appointed place for an hour —for a reasonable length of time—and the defendants never having appeared or tendered a deed to the plaintiff, it is clear that there is no defense to the action to recover the $500 paid on account of the purchase, even though it appears from the evidence that the defendants would probably have been prepared to act within a few hours of the appointed time.

The judgment and order appealed from should be affirmed, with costs. All concur; JENKS, J., in result.