## DEETER, ADMINISTRATOR, *v.* BURK.

[No. 8,864.  Filed December 22, 1914.  Rehearing denied April 22, 1915.  Transfer denied June 24, 1915.]

1. APPEAL.—*Presenting Questions for Review.—Peremptory Instructions.*—Error in the giving or refusing of a peremptory instruction can not be presented by independent assignment of error, but is ground for a new trial.  p. 453.
2. EXECUTORS AND ADMINISTRATORS.—*Claims Against Estates.—Defenses.—Non Est Factum*—In the trial of claims against decedent's estates, all defenses except set-off or counterclaims are available under §2842 Burns 1914, Acts 1883 p. 156, without being pleaded, so that in an action on a note against the estate of a decedent the defense of *non est factum,* though not pleaded, was available and placed upon claimant the burden of proving its execution.  p. 454.
3. APPEAL.—*Review.—Issues.—Burden of Proof.—Peremptory Instructions.*—In an action against the estate of a decedent upon a promissory note, the contention of appellant that, since the defense of *non est factum* placed on plaintiff the burden of proof on the question of execution and the evidence in support of such execution, though uncontradicted, was verbal, it was error for the court at plaintiff's request to peremptorily instruct the jury for plaintiff, on the ground that it deprived defendant of the right to have the credibility of the witnesses and the weight of their testimony determined by the jury, can not prevail in view of the fact that defendant first asked for a peremptory instruction, thereby inviting the action of the court, to which he at no time

objected on the ground that he was entitled to have any question of fact submitted to the jury. p. 454.

4. BILLS AND NOTES.—*Execution.*—*Evidence.*—Where the execution of a promissory note is in issue, no presumptions are indulged in its favor and the burden of proof is upon the party seeking to recover, but a *prima facie* case of execution is made by proof of the signing of the note together with the possession of the note by the payee or his attorney and its introduction in evidence. pp. 456, 457, 459.

5. EXECUTORS AND ADMINISTRATORS.—*Claims Against Estates.*— *Action on Note.*—*Proof of Execution.*—The rule as to the proof necessary to create a *prima facie* case of the execution of a note to which the defense of *non est factum* is interposed, is the same whether the payor be living or dead at the time of the action, and regardless of whether the action is by way of claim against the estate of the payor or by complaint against him; §2842 Burns 1914, Acts 1883 p. 156, having no other effect in the trial of a claim against the estate, than to permit the defense of *non est factum* to be interposed without being pleaded. p. 457.

6. BILLS AND NOTES.—*Delivery.*—*Evidence.*—*Possession by Payee.* —Possession of a note in the hands of a payee in and of itself imports either an actual or constructive delivery by the payor to him, or at least imports that the payee's possession is with the knowledge and consent of the payor, and gives rise to the presumption in favor of that inference which imports good faith and right conduct. p. 459.

7. BILLS AND NOTES.—*Delivery.*—*Evidence of Possession.*—Proof of possession by the payee of a note at the time of trial is sufficient to make a *prima facie* case of delivery at the date of its execution, or at least, within the lifetime of the payor. p. 459.

8. BILLS AND NOTES.—*Form.*—*Consideration.*—*Evidence.*—A promissory note, though not negotiable under the law merchant, and not containing the words "for value received", is negotiable by virtue of §9071 Burns 1914, §5501 R. S. 1881, and imports a consideration, so that the evidence will support a verdict for plaintiff in an action thereon without any evidence as to consideration other than the instrument itself. p. 460.

9. BILLS AND NOTES.— *Negotiability.*— *"Value Received".*— The words "value received" are not essential to the negotiability of a note, unless they are required by statute. p. 460.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Clyde D. Burk on a claim against the estate of Elizabeth Deeter, deceased. From a judgment for plaintiff, the administrator of said estate appeals. *Affirmed.*

*Clyde H. Jones, M. W. Bruner* and *Charles R. Milford* for appellant.

*Thomas & Foley,* for·appellee.

HOTTEL, C. J.—This action is based on the following claim filed with the clerk of the Montgomery Circuit Court on August 1, 1912:

"Estate of Elizabeth Deeter, Deceased. In account with Clyde D. Burk, Dr. (Duplicate) October 4th, 1909. $1000.00. Six months after death I promise to pay Clyde D. Burk from my estate and through my administrator one thousand dollars, 6 per cent. interest from maturity. Signed, Elizabeth Deeter. State of Indiana, Montgomery County, ss: I, M. S. Deeter do solemnly swear that the above claim for $1000.00 and interest is justly due and owing to Clyde D. Burk from the estate of Elizabeth Deeter deceased, and remains wholly unpaid; that there are no legal set offs against the same, as the affiant verily believes, and further says not. M. S. Deeter. Subscribed and sworn to before me this 3rd day of Aug. 1912. Edgar A. Rice, Clerk."

This claim, not being allowed by the administrator, was transferred to the trial docket of the circuit court of ·said county, where, without further pleadings being filed in the case, it was submitted to a jury for trial. The entire evidence and proceedings at the trial, as disclosed by the transcript, are in substance as follows: Michael S. Deeter, a witness for the claimant, testified that he was a brother of decedent and was acquainted with her handwriting. The claimant's attorney then placed in the hands of the witness the note, a copy of which is set out above in the claim, and asked the witness, whether he saw decedent write her signature thereto and the witness answered, "Yes. I did. She wrote it in my presence" on October 4. On cross-examination the witness stated again that he saw "decedent sign her name" to the note; that at the time she signed it, he (witness) and decedent were alone in the sitting room of decedent's home; that possibly one of his daughters might have been about the premises, but if so she was out at the

time. Allen M. Deeter, a witness for claimant, testified that he was a brother of decedent, and acquainted with her signature, and after examining the note said that the name signed thereto was the signature of decedent. The note was then offered in evidence, and to its introduction the appellant objected on the ground that it had "not been shown to have been properly executed". This objection was overruled and the note was read in evidence, whereupon appellee rested his case.

The appellant then moved the court to instruct the jury to return a verdict in his favor "for the reason that plaintiff had not introduced sufficient evidence to make a *prima facie* case". This motion was overruled and the defendant rested. Appellee then recalled Allen M. Deeter for further examination, whereupon the appellant objected to appellee offering any further evidence after both he and the appellant had rested their case. This objection was overruled and the witness testified that his sister, the decedent, died February 16, 1912. Thereupon appellee again rested his case, and (we copy from appellant's bill of exceptions No. 2, set out in the record) "the defendant announced to the court that he had no evidence he desired to introduce and thereupon made a motion that the court instruct the jury to find for the defendant, which motion was an oral motion and was in the words following: 'The defendant moves the court to instruct the jury to find for the defendant' and the court thereupon overruled said motion so made by the defendant and refused to instruct the jury to find for the defendant, to which ruling of the court and its refusal to so instruct the defendant at the time excepted, and thereupon the court announced to the plaintiff that it would instruct the jury to find for the plaintiff, if the plaintiff so desired, and thereupon the attorneys for the plaintiff announced to the court, 'We do desire the court to so instruct the jury', and thereupon the court instructed the jury to find for the plaintiff, which instruction was as follows: 'Gentlemen of the jury,

in this case you will find for the plaintiff in the sum of one thousand dollars, with interest on the same at six per cent per annum from the 16th day of August, 1912.' To which action of the court in so instructing the jury to find for the plaintiff the defendant at the time objected and excepted.'' A motion for new trial filed by appellant was overruled and judgment rendered on the verdict. From this judgment appellant appeals and assigns as error each of the rulings of the court above indicated on the respective motions of appellant and appellee for a peremptory instruction, and also, the ruling on the motion for a new trial.

Any error in giving or refusing to give a peremptory instruction is ground for new trial and hence is not ground for an independent assignment of error. *Bane* v. *Keefer* (1899), 152 Ind. 544, 53 N. E. 834; *United States, etc., Ins. Co.* v. *Batt* (1912), 49 Ind. App. 277, 281, 97 N. E. 195; *Chicago, etc., R. Co.* v. *Richards* (1901), 28 Ind. App. 46, 59, 61 N. E. 18. However, each of the rulings on said respective motions of the parties for a peremptory instruction, as well as all other rulings during the progress of the trial, above indicated, were properly excepted to at the time and were properly presented to the trial court for review by appellant as grounds of his motion for new trial. Such motion, in addition to such grounds, contained the further grounds that the verdict is not sustained by sufficient evidence and is contrary to law. Most, if not all, of the grounds of this motion relied on for reversal, in their last analysis, present the same question, viz., Did the trial court err in peremptorily instructing the jury to return a verdict for appellee? It should be remarked, however, that the disposition of this question involves the consideration of the question of the sufficiency of the evidence to sustain the verdict. However, before we reach the latter question, we must first determine whether, in view of the issues presented, the action of the trial court, under any view of the evidence introduced, can be upheld.

In cases of claims against decedents' estates, where, as in this case, no pleadings are filed by the administrator, the statute puts in all defenses except that of set-off and counterclaim. §2842 Burns 1914, Acts 1883 p. 156; *Schele* v. *Wagner* (1904), 163 Ind. 20, 24, 25, 71 N. E. 127, and cases cited.; *Digan* v. *Mandel* (1907), 167 Ind. 586, 594, 79 N. E. 899, 119 Am. St. 515, and cases cited. It follows that in the instant case the defense of "*non est factum*" was in by virtue of such statute, and this defense put on appellee the burden of proving the execution of the note. It is contended by appellant that, in view of the fact that this burden was on appellee and that the evidence in support of such execution was in fact, and of necessity, verbal, that a peremptory instruction could in no event be proper or justified under the decisions of both this and the Supreme Court. This court had occasion to consider this question in the recent case of *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20, and we there collected and cited the authorities that seemingly support appellant's contention as well as some of those which indicate that a peremptory instruction is proper and may be given in favor of the party having the burden of proof where the evidence, whether oral or documentary, is of such a character as to permit but one inference to be drawn therefrom, such inference being in favor of the person on whom rests the burden of proof. See also, *Collins* v. *Catholic Order, etc.* (1909), 43 Ind. App. 549, 88 N. E. 87; *Baker* v. *Bundy* (1913), 55 Ind. App. 272, 103 N. E. 668, and cases cited.

The cases above cited on which appellant relies proceed on the theory that the Constitution gives to the litigants in cases triable by jury the right to have the credibility of the witnesses and the weight to be given their testimony, determined by a jury, and hence that the court can not take away that right and itself exercise it in favor of the party on whom rests the burden of proof. However, in the instant

case we do not feel that we are required to determine whether the law is as appellant contends on this subject, because, we think, he is in no position to assert that the trial court deprived him of the right to a trial of his case by jury. The trial court did not give such peremptory instruction until it had been asked by each party to give such an instruction in his favor. The appellant first asked such an instruction, thereby expressly inviting and, indeed, asking the court in effect to take the case from the jury and decide it itself. This was the effect, and the only effect, his request could have, and, when appellee also indicated a similar desire and request in his favor, the court gave the instruction complained of by appellant. Under such circumstances both parties, thinking no doubt that the question to be determined was one of law rather than of fact, in effect, indicated to the court a desire to have it, rather than the jury, determine the case. Appellant at no time withdrew his request for an instruction in his favor, nor did he, after appellee had indicated a desire for an instruction in his (appellee's) favor, offer any objection on the ground that he desired to have, or was entitled to have, any question of fact submitted to the jury, nor did he, at any time after both he and appellee had respectively requested a peremptory instruction, ask or demand of the court that the decision of the case be submitted to the jury for trial. It follows that both parties to the litigation, in effect, placed themselves in the same situation they would have been had they, in the first instance, submitted the case to the court for trial, and the instruction of the court, together with the verdict of the jury returned thereunder, were, in effect, the decision of the court, with all the presumptions in its favor that would have existed in favor of the verdict returned by the jury in the regular way, or the decision of the court, had the cause been submitted to it for trial in the first instance.

Our attention has been called to no case in either of the courts of appeal of this State, and we have been unable to

find any case in such courts, where the question under consideration was presented or decided; but, we find ample authority in other jurisdictions for our conclusion. *Adams* v. *Roscoe Lumber Co.* (1899), 159 N. Y. 176, 180, 53 N. E. 805; *United States* v. *Two Baskets* (1913), 205 Fed. 37, 38, 123 C. C. A. 310; *Murch Bros. Constr. Co.* v. *Johnson* (1913), 203 Fed. 1, 121 C. C. A. 353; *Sundling* v. *Willey* (1905), 19 S. Dak. 293, 296, 103 N. W. 38, 9 Ann. Cas. 644; *Beuttell* v. *Magone* (1895), 157 U. S. 154, 157, 15 Sup. Ct. 566, 39 L. Ed. 654; *Thompson* v. *Simpson* (1891), 128 N. Y. 270, 28 N. E. 627; *Bradley Timber Co.* v. *White* (1903), 121 Fed. 779, 784, 785, 58 C. C. A. 55; *Merwin* v. *Magone* (1895), 70 Fed. 776, 777, 17 C. C. A. 361; *Curtiss* v. *Teller* (1913), 157 App. Div. 804, 143 N. Y. Supp. 188, 189; *Zirinsky* v. *Post* (1906), 112 App. Div. 74, 98 N. Y. Supp. 132; *Trimble* v. *New York, etc., R. Co.* (1900), 162 N. Y. 84, 56 N. E. 532, 48 L. R. A. 115, 119; *Trustees, etc.* v. *Vail* (1897), 151 N. Y. 463, 45 N. E. 1030. If these cases are to be followed, and they seem to be supported by good reason, it follows that no reversible error resulted from the giving of such peremptory instruction in appellee's favor, unless there was a complete failure of proof as to some issue necessary to the support of the verdict returned thereunder.

This brings us to a consideration of the sufficiency of the evidence to sustain such verdict. It is insisted by appellant that there is a complete failure of proof in two essential elements. (1) That no delivery or acceptance of the note in suit was proven. (2) That no consideration for the note was shown. In support of its first contention appellant relies on the following cases: *Godman* v. *Henby* (1905), 37 Ind. App. 1, 76 N. E. 423; *Carver* v. *Carver* (1884), 97 Ind. 497; *Digan* v. *Mandel, supra; Schele* v. *Wagner, supra.* The decisions cited, and many others that might be cited, hold, that the plea of *non est factum* puts on the party seeking to recover, the burden of proving the execution of the instrument on which

the recovery is asked. The controversy arises over what constitutes proof sufficient to make a *prima facie* case of execution. Appellant lays stress on the language contained in the case of *Digan* v. *Mandel, supra,* and *Schele* v. *Wagner, supra,* to the effect that when the execution of the note is the question in issue *no presumptions* are indulged in its favor, and appellant seems to be impressed with the idea that this is especially true where the note is one filed against an estate, and from this he reasons that no presumption of delivery arises from the fact that the note in suit was shown to be in the hands of the payee's attorney at the time of the trial. We think the rule as to the proof necessary to create a *prima facie* case of the execution of an instrument to which the defense of *non est factum* has been interposed is the same whether the payor of the instrument be living or dead at the time of suit, and regardless of whether the action is by way of claim against the estate of the payor or by complaint against him. The only purpose or effect of §2842, *supra,* is to interpose in such cases certain defenses in behalf of the estate without special pleadings, and in such cases the burden of proving the execution of an instrument sued on, without the plea of *"non est factum"* being filed, is the same as where it is filed in other cases.

We are not, however, entirely free from doubt as to what the decisions really hold on the subject of what proof is necessary to make a *prima facie* case of delivery. While the cases relied on by appellant, in their facts are easily distinguishable from the cases referred to therein where, as in the instant case, the note sued on was shown to be in the possession of the payee at the time of trial, yet there is language used in the cases relied on, which, in a sense, and to some degree, at least, tends to support appellant's contention that proof of possession of a note in the hands of the payee is not sufficient to authorize an inference or presumption of delivery of such note. However,

the Supreme Court, in the case of *Brooks* v. *Allen* (1878), 62 Ind. 401, 405, 407, which was a suit on a note where the defendant interposed the plea of *non est factum,* expressly approved an instruction which told the jury in effect that proof of the signing of such note together with the possession of the note by the payee and the introduction of the note in evidence warranted the jury in finding a verdict in favor of such payee for the principal and interest due on the note, unless this evidence was contradicted, etc. This seems to us to be an express holding that proof of the signing of the note together with possession by the payee makes a *prima facie* case of execution of the note. To the same effect are the following cases: *Goldsmith* v. *First Nat. Bank* (1912), 50 Ind. App. 11, 22, 96 N. E. 503; *Stayner* v. *Joyce* (1889), 120 Ind. 99, 22 N. E. 89; *Pate* v. *First Nat. Bank* (1878), 63 Ind. 254, 259; *Taylor* v. *Gay* (1842), 6 Blackf. 150, 152; *Garrigus* v. *Home, etc., Soc.* (1891), 3 Ind. App. 91, 95, 28 N. E. 1009, 50 Am. St. 262; *Talbott* v. *Hedge* (1892), 5 Ind. App. 555, 556, 32 N. E. 788; *Paulman* v. *Claycomb* (1881), 75 Ind. 64, 67; *Kimball* v. *Whitney* (1860), 15 Ind. 280, 284; *Bush* v. *Seaton* (1853), 4 Ind. 522. Several of these cases are cited and referred to in the case of *Digan* v. *Mandel, supra,* and while some of them are distinguished, none of them, except *Taylor* v. *Gay, supra,* are criticised, and this case is criticised because of the broad statement, not found in the other cases, to the effect, that the "ceremony of delivery does not attach to contracts" like that under consideration. The criticism of this statement in the light of the other cases was no doubt proper.

In that case (*Digan* v. *Mandel, supra*) at pages 593, 594, the court said: "In that case [*Brooks* v. *Allen, supra*], and also in the case of *Garrigus* v. *Home, etc., Soc., supra,* the declaration of law, that possession of a note will raise a presumption of delivery, was made with reference to notes in the possession of the payee therein named. We are not required to pass upon that question in this case." It seems therefore

Deeter *v.* Burk—59 Ind. App. 449.

that the cases cited have not been overruled or criticised in so far as the exact question now under consideration is involved, and hence they are binding on this court. We may say also that we think the announcements therein, affecting the question under consideration, are sound in principle. We think this is so because possession in the hands of the payee, in and of itself, necessarily imports either an actual, or constructive, delivery by the payor to the payee, or at least imports that the possession of the payee is with the knowledge and consent of the payor rather than that such possession was wrongfully or illegally obtained by the payee. Under such circumstances a legal presumption exists in favor of that inference which imports good faith and right conduct. As supporting this conclusion see, Lawson, Presumptive Ev. 98. Such rule is also made necessary for the purpose of strengthening and facilitating the commercial intercourse which is carried on through all negotiable paper. 1 Edwards, Bills and Notes (3d ed.) 187, 188.

Appellant, however, insists that the note in suit was not shown to be in the possession of the payee. It is true, the evidence does not disclose actual possession in the hands of the payee, but it does show such possession in his attorney at the time of the trial, and this, we think, was sufficient under the authorities. The possession of appellee's attorney was his possession. 4 Cyc. 935, and cases cited; *Ward* v. *Dougherty* (1888), 75 Cal. 240, 17 Pac. 193, 7 Am. St. 151; *Branson* v. *Caruthers* (1874), 49 Cal. 374. Proof of possession of the payee of a note at the time of the trial is sufficient to make a *prima facie* case of delivery at the date of its execution, or at least, within the lifetime of the payor. *Maybury* v. *Berkery* (1894), 102 Mich. 126, 132, 60 N. W. 699; 1 Daniel, Negotiable Inst. (6th ed.) §65; 2 Ency. Evidence 475. See also, *Harrison* v. *Edwards* (1840), 12 Vt. 648, 651, 36 Am. Dec. 364; *Emery* v. *Vinall* (1846), 26 Me. 295.

Deeter v. Burk—59 Ind. App. 449.

It is further contended by appellant that the verdict of the jury can not stand because there was a total failure to prove a consideration for the note, on which appellee's 8. claim is based. It is true, that there was no proof of consideration independent of the note itself, but, we think, that in view of §9071 Burns 1914, §5501 R. S. 1881, and the decisions of both courts of appeal of this State, the note itself imports a consideration. *Fisher* v. *Fisher* (1888), 113 Ind. 474, 476, 15 N. E. 832; *Louisville, etc., R. Co.* v. *Caldwell* (1884), 98 Ind. 245, 252, and cases cited; *Spurgeon* v. *Swain* (1895), 13 Ind. App. 188, 189, 41 N. E. 397; *Woodworth* v. *Veitch* (1902), 29 Ind. App. 589, 64 N. E. 932, and cases cited; *Magic Packing Co.* v. *Stone, etc., Co.* (1902), 158 Ind. 538, 64 N. E. 11. It is true the note in suit is not negotiable under the law merchant, and does not contain the words "for value received". The note, however, is negotiable under our statute (§9071, *supra*), and hence imports a consideration, even though the words "for value received" are absent. *Woodworth* v. *Veitch, supra; Benjamin* v. *Tillman* (1840), 3 Fed. Cas. 190, 191; *Dean* v. *Carruth* (1871), 108 Mass. 242, 244; Norton, Bills and Notes (3d ed.) 73; 1 Daniel, Negotiable Inst. (3d ed.) §108. While consideration is usually expressed by 9. the words "value received", these words are not essential to the negotiability of a note unless they are required by statute. 7 Cyc. 609. See also, *Carnwright* v. *Gray* (1891), 127 N. Y. 92, 27 N. E. 835, 24 Am. St. 424, 12 L. R. A. 845, and authorities cited.

We have, we believe, considered all the questions presented by appellant's brief, and find no available error in the record. The judgment below is therefore affirmed.

NOTE.—Reported in 107 N. E. 304. As to burden of proving want of consideration, see 135 Am. St. 763. As to the effect of a request by both parties for direction of verdict, see 6 Ann. Cas. 545; 13 Ann. Cas. 372; Ann. Cas. 1913 C 1342. See, also, under (1) 3 C. J. 1388; 2 Cyc. 999; (2) 18 Cyc. 1011; (3) 38 Cyc. 1582; (4) 8 Cyc. 282; (5) 18 Cyc. 1029; (6) 8 Cyc. 219; (7) 8 Cyc. 282; (8) 8 Cyc. 222.