CONTER, TREASURER *v.* THE LINCOLN NATIONAL
LIFE INSURANCE COMPANY.

[No. 26,760. Filed May 18, 1937.]

*George Hershman,* and *Russell A. Nixon,* for appellant.

*Gavit, Hall, Smith & Gavit,* for appellee.

TREANOR, J.—This was an action for mandate by The

Lincoln National Life Insurance Company, an Indiana corporation, to compel appellant Louis Conter, as treasurer of Lake County, Indiana, and as ex officio treasurer of the city of Gary, Lake County, Indiana, to pay to The Lincoln National Life Insurance Company, as the owner and holder of all of the bonds of certain special assessment bond issues, all sums in his hands arising from the collection of installments of assessments securing such bonds and their coupons, including all sums collected by him as after maturity interest and penalties upon delinquent installments.

Appellant's demurrer to appellee's amended complaint was overruled by the court and upon appellant's refusal to plead further the court rendered its judgment in favor of appellee. Appellant's motion to modify the judgment was overruled by the court and the errors assigned and relied upon for reversal are:

1. The Court erred in overruling appellant's demurrer to appellee's complaint.

2. The Court erred in overruling appellant's motion to modify the judgment.

Appellee bases his cause of action for mandate upon the following provisions contained in an Act of the General Assembly of 1935 (Acts 1935, ch. 317, pp. 1526, 1533):

> "Whenever it shall be established to the satisfaction of any officer of the city or town whose duty it is to disburse payments made by property owners to owners of bonds issued on any public improvement that any person, firm or corporation is the owner and holder of all the outstanding bonds on any such public improvement on which payments have been made by property owners, it shall be the duty of such disbursing officer upon demand of such bondholders to immediately pay to said bondholders all the payments made by such property owner, or property owners. Such payments shall be made to such bondholders upon demand notwithstanding the fact that a part of such bonds may not yet be due.

Whenever any such bonds are not yet due any payments so made to such bondholder shall be entered as a credit upon said bonds, or the coupons thereto attached. The interest on such bonds shall be reduced in accordance with any payment of principal credited thereon."

The plaintiff's complaint alleged all facts necessary to bring plaintiff's claim within the above quoted provisions of the statute; and if it is possible to state a cause for mandatory relief under the provisions of the statute the complaint states a cause of action. It seems clear that the language of the statute puts upon the proper disbursing officer the imperative duty to pay over to the "owner and holder of all the outstanding bonds on any such public improvement on which payments have been made by property owners." And we believe the legal effect of the language of the statute is to give a bondholder who comes within the terms of the statute the right to compel, by an action of mandate, the proper disbursing officer to pay over "payments . . . made by property owners." The particular question which must be decided is whether the language "payment . . . made by property owners" includes after maturity interest and penalties.

In the memorandum supporting the demurrer the following recitals are found:

"2. That the provisions of the law under which said bonds were issued provides that they shall be paid by the Treasurer, out of monies collected in the order of their maturities.

"3. Said complaint does not state or allege that the defendant now has on hand sufficient funds with which to pay said bonds or that they are the first bonds maturing of the respective issues of which they are a part."

It is true, as indicated in paragraph two of the memorandum, that the law under which the bonds involved in this suit were issued provided that the bonds should be

paid in the order of their maturities. But the language of the Act of 1935, which is quoted above, makes the order of maturity immaterial, and there is no contention by appellant that such change is unconstitutional; and there would seem to be no ground for such contention since the language in question requires the application of funds to the payment of bonds only in case the said bonds are owned and held by one who is also the owner and holder of all the bonds issued on account of a particular public improvement.

The complaint sufficiently alleges that the defendant below, as ex officio treasurer of the city of Gary, has in his custody "after maturity interest" but has refused to disburse it in accordance with the provisions of the statute. Consequently, if the appellee, plaintiff below, was entitled to have after maturity interest applied to his claim, his complaint states a cause of action in respect to such interest. And in this connection our attention is called to the following provision in the Amending Act of 1935 (Acts 1935, Ch. 317, p. 1526, 1531):

> "In no event, however, shall payments of delinquent assessments or installments thereof be accepted without the payment of interest thereon after delinquency to the date when paid, as now provided by law, and *such interest shall become a part of the particular fund for the payment of the bonds issued on account of such assessments.*" (Our italics.)

We are of the opinion that the foregoing provision requires the application of after maturity interest to the payment of appellee's claim on the bonds owned and held by him; and that such after maturity interest is included in the phrase "all the payments made by such property owner, or property owners."

The appellant, defendant below, filed his motion to modify and amend the judgment in the following particulars:

"That said judgment be amended and modified to provide that no part of any penalties collected upon the assessment issues involved in this action shall be payable by the defendant to the plaintiff."

And in support of his motion he urged that the bondholder had no interest whatever in any penalties that might be collected and that such penalties, under the statute, were required to be used and expended for operating expenses in collecting delinquent bond accounts.

Statutory penalties, imposed because of delinquency in payment of principal or interest on improvement bonds, do not, in the absence of special statutory authorization, belong to the bondholders. And in view of specific statutory provisions which definitely control the application of such penalties, we cannot believe that it was the legislative intent to modify such definite provisions and to divert such penalties to the benefit of bondholders by the general expression "all the payments made by such property owner, or property owners." Therefore we conclude that it was error on the part of the trial court to overrule appellant's motion to modify the judgment by excluding therefrom the requirement that appellant, defendant below, pay over to the appellee penalties which had been collected by reason of delinquencies in payment of assessments and interest.

We hold that the trial court did not err in overruling appellant's demurrer but did err in overruling appellant's motion to modify the judgment. Accordingly, the judgment of the Lake Superior Court, Room 4, is reversed in part and the cause remanded with directions to modify the judgment in accordance with the foregoing holding and for necessary further proceedings not inconsistent with this opinion.