INGRAM'S ESTATE *v.* GILMORE.

[No. 16,744. Filed January 22, 1942.]

*Jonas G. Howard,* of Jeffersonville, for appellant.
*Owen Voight,* of Jeffersonville, for appellee.

STEVENSON, J.—The appellee filed a claim against the estate of William T. Ingram, deceased, by which a recovery was sought on waivers alleged to have been signed by William T. Ingram, as the owner of property beneficially affected by the construction of the Graham

Street. District Sewer Improvement, in the City of Jeffersonville, Indiana.

The appellee's claim consisted of twenty-one items, totaling $2,654.06, and these items were the assessments levied on the various tracts of real estate herein described, as a part of the cost of the construction of the Graham Street District Sewer. Because of the failure to pay these amounts when due, the appellee sought to collect the 10% statutory penalty and the 6% interest on all payments from date due until paid. The claim was disallowed by the executor of the estate of William T. Ingram, deceased, and the same was transferred to the Clark Circuit Court for trial. Upon the trial of the cause, the court made special findings of fact and stated conclusions of law thereon.

The court, by its special findings of fact, found that pursuant to the laws of the State of Indiana, the mayor of the City of Jeffersonville, Indiana, and the common council thereof, caused certain proceedings to be instituted, as resulted in the construction of what is known as the Graham Street District Sewer Improvement; the cost of which was assessed against the real estate within such improvement district beneficially affected thereby. Certain real estate belonging to William T. Ingram, and located within said sewer district, was duly assessed by said city for its proportionate cost of said improvement, and in order to obtain the right to pay said assessment in installments, over the period of ten years, the said William T. Ingram, on December 3, 1929, executed the waivers sued on, and filed the same in the office of the clerk of said city on December 4, 1929. The court further found that by the execution of said waivers the said William T. Ingram waived any objection to any illegality or irregularity with regard to the assessment against his property and agreed to pay the

assessments levied against the same as provided by law with the statutory interest thereon. The court further found that on May 9, 1940, the day of the trial, there was due on said assessments, principal, interest and penalties, in favor of the claimant, the sum of $3,646.68. The court further found that the claimant, William E. Gilmore, was the owner and holder of the bonds evidencing the aforesaid assessments and for whose benefit the waivers and agreements aforesaid were executed. The court further found that on July 12, 1939, the appellee notified the appellant of the amount due on these waivers and demanded payment.

On these findings of fact, the court concluded the law to be as follows:

"1. That law of this case is with the claimant.

"2. The signer of a waiver and agreement under the provisions of the Barrett law, under the provisions of which the improvement herein was made, becomes personally liable for the assessment so made, not by the force of said statute, but by reason of his agreement to pay, which liability is enforceable against the signer's estate.

"3. The decedent having executed the waivers aforesaid became personally liable for the payment of the aforesaid assessments levied against the property of which he was the owner, in said sewer district; and having died without payment being made thereof, a claim by the holder of bonds issued evidencing said assessments, is enforceable in this action.

"4. That judgment should be entered in accordance with the foregoing conclusions and the claimant should recover as against said estate, said sum of $3,646.68 with interest from date of trial, at 6% per annum, until paid, with costs."

Exceptions were taken to each of these conclusions of law. A motion for new trial was filed and overruled, and judgment was entered for the appellee in the sum of $3,646.68.

The errors assigned on appeal are the alleged errors as to each conclusion of law, and the alleged error in overruling the appellant's motion for a new trial. Under these assignments of error, the appellant first contends that the special findings of fact were not sustained by sufficient evidence. The appellant contends: (a) That there is no evidence disclosing that the Board of Public Works of the City of Jeffersonville adopted a declaratory resolution authorizing the construction of the Graham Street District Sewer; (b) that the evidence does not disclose that a primary assessment roll was ever adopted; (c) that the evidence does not disclose that decedent filed his waiver within thirty days after the final adoption of the estimate; (d) that the evidence does not disclose that bonds were ever issued; (e) that the evidence does not disclose the kind and number of bonds owned by the appellee; (f) that the evidence does not disclose that the assessments against the appellant's property were based on a final assessment roll; (g) that the evidence does not disclose that notice of default in payment of these installments was mailed to the decedent.

It will be noted from all of these objections that they have as their basis certain irregularities and illegalities with respect to the proceedings under which the improvement was made. Under the terms of the statute, however, the owner of property affected by this improvement was given the privilege of paying his assessment in installments over a ten year period. By the terms of this statute, it was provided that:

"Whoever desires to exercise such privilege of paying by instalments shall at any time before the expiration of thirty [30] days after the allowance of the final estimate aforesaid, enter into an agreement in writing that in consideration of such privilege, he will make no objection to any illegality or irregularity with regard to the assessment against

his property and will pay the same as required by law with specified interest. Such agreement shall be filed in the office of the department of finance." § 48-2717, Burns' 1933.

The waivers which were offered in evidence by the appellee herein contained a provision to the effect that the property owners "severally promise and agree, that in consideration of having the right to pay our respective assessments on account of said improvement by installment, that we will make no objections to any illegality or irregularity with regard to the assessment made against our respective pieces of property, and will pay the same when due, the interest thereon as prescribed and required by said resolution of said common council."

A further provision of the statute also provides: "Where a property-owner, or property-owners, has or have exercised the option to pay in instalments, . . . such property-owner or owners shall be concluded thereby, and shall not be permitted to set up any defense whatever." § 48-2711, Burns' 1933.

Under these provisions of the statute and the promise of the landowner, contained in the written waiver, the appellant is deprived of all defenses growing out of irregularities and illegalities in the construction of the improvement. In fact, the statute provides that, after the property owner has signed the waiver, he "shall not be permitted to set up any defense whatever." It was accordingly unnecessary for the court to find as a fact any of the preliminary matters involved in the construction of the improvement. When the court found as a fact that William T. Ingram signed the waivers which formed the basis of this claim, and delivered them to the clerk-treasurer of the City of Jeffersonville, a *prima facie* case, as to the execution of the written instrument, was established. Since all other

defenses are barred by statute, the claimant, in the absence of evidence to the contrary, was entitled to recover upon proof of the signing of the waivers together with their delivery to the city officials and their introduction in the evidence. *Deeter* v. *Burk* (1915), 59 Ind. App. 449, 107 N. E. 304. The appellant contends, however, that there is no proof sufficient to establish the fact that the deceased William T. Ingram ever signed and delivered the waivers in question. A review of the evidence discloses that the clerk-treasurer of the City of Jeffersonville was called as a witness, and stated that she, as such official, had custody of the Barrett law improvement record and waivers and other documents connected therewith. She was then handed claimant's exhibit No. 1, and the following questions were submitted:

"Q. I hand you a document and ask you to tell the court what that is?
"A. That is a waiver signed by William T. Ingram on the Graham street sewer.
"Q. What date was it signed?
"A. December 3, 1929.
"Q. On what property is it?
"A. Property located on Lot 13, in block 1, Ingram & Read Sub-division."

Following this testimony, the exhibit was offered and admitted as evidence over the objection of the appellant. Substantially the same record was made as to the introduction of each exhibit.

The appellant now contends that this evidence is not sufficient to support the finding of the court that on December 3, 1929, the said William T. Ingram executed the waivers sued on and filed the same in the office of the clerk of said city. It is our opinion that this evidence is sufficient to support the

finding of the court. The appellant made no objection to the questions and answers heretofore set out, and declined to cross-examine the witness. The witness, when handed the exhibit, stated that this exhibit was a waiver signed by William T. Ingram and that the same was signed by him on December 3, 1929. The method by which she acquired this information was not disclosed. The waivers were in the possession of the clerk-treasurer of the City of Jeffersonville, where they were required by law to be filed. If the appellant desired to prevent the court from drawing unwarranted inferences from such testimony, objections to the questions and a preliminary examination would have disclosed the source of the witnesses' information. Under the evidence before the court, the court might well infer that the waivers were signed by the property owner in the presence of the witness and that he personally delivered them. The court, accordingly, committed no error in admitting the exhibits as evidence.

The appellant further contends that there is no evidence of notice to the decedent of a default in the payment of these installments, as required by § 48-2722, Burns' 1933. This requirement of the statute, which was an act of the General Assembly for 1909, was amended in 1931 (ch. 99, Acts 1931, § 48-4406, Burns' 1933), in which the requirement as to notice is omitted. The giving of the notice, therefore, is no longer a condition precedent to the right of a bondholder to enforce the payment of these assessments. *Hastings* v. *Gault* (1940), 216 Ind. 315, 25 N. E. (2d) 232.

The appellant further contends that the amount of the judgment herein included principal, interest and penalties, as provided by statute, whereas, only principal and interest on assessments may be applied to

the retirement of bonds. The appellant, therefore, contends that the court erred in the amount of recovery, in that the amount is too large.

The appellee concedes in his brief that the penalty provided by statute does not inure to the benefit of the bondholder when it is recovered. Our Supreme Court, in passing upon this matter, recently said:

"Statutory penalties, imposed because of delinquency in payment of principal or interest on improvement bonds, do not, in the absence of special statutory authorization, belong to the bondholders." *Conter, Treas.* v. *Lincoln Natl. Life Ins. Co.* (1937), 212 Ind. 125, 129, 8 N. E. (2d) 232.

It is our opinion, therefore, that the court was in error in entering judgment in favor of the appellee for the sum which included the statutory penalty of ten per cent.

The appellant further contends that there is no evidence to support the finding of the court that the appellee is the owner and holder of all bonds evidencing the assessments made against the property of William T. Ingram. The record does not disclose the number of bonds outstanding against this improvement, nor is there any evidence that the appellee is the owner of all bonds now outstanding, as a result of this improvement. In the absence of such a showing, the appellee is not entitled to recover for himself the full amount of these assessments. The appellee contends that this is a defect in the form of the judgment which, in the absence of a motion to modify, has been waived. The appellee also contends that he is entitled to maintain this action for the benefit of himself and all other bondholders similarly situated. The record nowhere discloses, however, that the appellee filed this claim as a class action for the benefit of himself and

all other bondholders, neither does the judgment of the court, which awards to the appellee payment of the full amount of this claim, including interest and penalties, indicate that any other bondholder has any other interest in this judgment. The right of one bondholder to bring an action to recover against a property owner, who has signed a waiver, for the benefit of himself and all other bondholders in a like situation, has been frequently recognized by our Supreme Court. *Read* v. *Beczkiewicz, Treasurer* (1939), 215 Ind. 365, 18 N. E. (2d) 789; *Englehart's Estate* v. *Larimer* (1937), 211 Ind. 218, 5 N. E. (2d) 304. The appellee had a right, under the statute, to maintain this action for the purpose of enforcing the contractual rights and contractual and statutory remedies in favor of himself and those other bondholders who are in a like situation; but if the appellee is to recover the full amount due from the appellant for the use and benefit of himself, it must be made to appear that there are no other bondholders in a like situation. In the absence of such a showing, the court was in error in entering a judgment in favor of the appellee for the full amount of the appellant's obligation.

Since it is apparent, however, that the estate of William T. Ingram, deceased, is obligated to the appellee as a holder of bonds in excess of $4,000.00 and to other bondholders, if any, who are in a like situation, no good purpose could be served by ordering a new trial on the basic issue of liability.

The judgment of the trial court for the amount found due on the waivers is accordingly affirmed, but the trial court should modify this judgment by ordering this amount paid into the office of the clerk-treasurer of the City of Jeffersonville for the benefit of the appellee and all other bondholders, if any, in a like situation,

and in such amounts as under the law they are entitled to receive.

The judgment, when so modified, is affirmed.

NOTE.—Reported in 38 N. E. (2d) 860.