[Cite as *State v. Yancey*, 2017-Ohio-1040.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104587**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT STANLEY YANCEY

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-600985-A

**BEFORE:** Keough, A.J., E.T. Gallagher, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** March 23, 2017

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: T. Allan Regas
        Mary M. Dyczek
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Defendant-appellant, Robert Stanley Yancey ("Yancey"), appeals from the trial court's judgment, rendered after his guilty plea, finding him guilty of aggravated burglary and theft and sentencing him to 12 years incarceration. Yancey claims that his offenses were allied offenses of similar import that should have merged for sentencing, and that the trial court erred in imposing an aggregate term of 12 years incarceration. Finding no merit to the appeal, we affirm.

I. Procedural History and Facts

{¶2} Yancey was indicted in a four-count indictment as follows: Count 1, aggravated burglary in violation of R.C. 2911.11(A)(1), with notice of prior conviction and repeat violent offender specifications; Count 2, theft in violation of R.C. 2913.02(A)(1); and Counts 3 and 4, theft in violation of R.C. 2913.02(A)(3). The charges arose out of an incident that occurred on October 2, 2015, when Yancey used a brick to break into the victim's apartment, threatened her with physical harm, and then stole checks from the victim and several personal items from the apartment. Subsequently, Yancey used the stolen checks to obtain cash. Count 2 named the lessee of the apartment as the victim; Counts 3 and 4 named Woodforest Bank and U.S. Bank respectively as the victims of the theft offenses.

**{¶3}** In a subsequent plea deal, Yancey pleaded guilty to Count 1, as amended to delete the repeat violent offender specification, and to Counts 3 and 4. Count 2 was nolled.

**{¶4}** At the plea hearing, the trial court confirmed with defense counsel that there were three separate victims, and that Yancey would be sentenced on each count because the offenses would not merge. At the subsequent sentencing hearing, when the prosecutor requested separate sentences for each offense, the trial court again confirmed that the victim of each offense was different. Specifically, the victim of the aggravated burglary count was the resident of the apartment that Yancey broke into, the victim of Count 3 was Woodforest Bank, and the victim of Count 4 was U.S. Bank. Defense counsel made no objection or argument regarding merger at either the plea or sentencing hearings.

**{¶5}** The trial court sentenced Yancey to 10 years incarceration on Count 1, and twelve months each on Counts 3 and 4, and ordered the counts to be served consecutively, for a total of 12 years incarceration. This appeal followed.

## II. Law and Analysis

**{¶6}** Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted and punished for all the offenses if any one of the following is true: (1) the conduct constitutes multiple offenses of dissimilar import; (2) the offenses were committed separately; or (3) the offenses were committed with separate animus.

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus.

{¶7}   In his single assignment of error, Yancey argues that the trial court erred in not merging Count 1, aggravated burglary, with Counts 3 and 4, the two theft offenses. He argues that the offenses were allied because they were committed with the same animus and at the same time.

{¶8} Yancey failed to raise the issue of merger in the trial court and therefore has forfeited all but plain error.  *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.2d 860, ¶ 3.  Crim.R. 52(B) allows appellate courts to correct plain error affecting substantial rights despite the appellant's failure to bring those  errors to the attention of the trial court.  *Id.* at ¶ 22.  A defendant bears the burden of demonstrating plain error. *Id.*  To meet that burden, the defendant must demonstrate a deviation from a legal rule that constituted an obvious defect in the trial court proceedings and affected a substantial right, and that the court's error affected the outcome of the proceedings.  *Id.*   Yancey has not demonstrated any error.

{¶9} First, it is apparent that the offenses were committed separately.   Yancey was convicted of aggravated burglary and theft.  As pertinent to this appeal,  aggravated burglary is defined as trespassing by force in an occupied structure when   a person other than an accomplice is present with the intent to commit a criminal offense inside the structure, and the offender inflicts, attempts, or threatens to inflict physical harm on another.   R.C. 2911.11(A)(1).   As this court found in *State v. Ongert*, 8th Dist.

Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 5, "it is the intent to commit any criminal offense while trespassing that constitutes commission of the burglary crime. No criminal offense actually needs to be committed to support the burglary charge." In short, a burglary is complete upon the defendant entering the premises with the intent to commit a crime therein. "Even if the criminal offense is actually committed, the burglary was already completed, and the subsequent crimes were then committed with separate conduct." *Id.*, citing *State v. Huhn*, 5th Dist. Perry No. 15-CA-00006, 2015-Ohio-4929, ¶ 22. *Accord State v. Smith*, 8th Dist. Cuyahoga No. 100641, 2014-Ohio-3420, ¶ 47. In this case, the aggravated burglary was completed when Yancey entered the apartment and threatened the victim; his theft offenses were committed separately. Accordingly, the offenses were not allied, and the trial court did not err in not merging the offenses for purposes of sentencing.

{¶10} Likewise, the offenses were not allied offenses of similar import because the offenses involved separate victims. As the Ohio Supreme Court concluded in *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 26, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims." Here, as set forth in the indictment, the victim of Count 1, the aggravated burglary offense, was the lessee of the apartment; the victim of the Count 3 theft offense was Woodforest Bank, and the victim of the Count 4 theft offense was U.S. Bank. Because the victim of each offense was different, the offenses were not allied offenses of similar import, and the trial court did

not err in not merging the offenses for purposes of sentencing.  The assignment of error is overruled.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR